573 F.Supp. 309 (1983)
Moses KING and Morise King, Plaintiffs,
v.
CITY OF PAGEDALE, Defendant.
No. 83-0322-C(4).
United States District Court, E.D. Missouri, E.D.
September 29, 1983.
*310 Doris Gregory Black, St. Louis, Mo., for plaintiffs.
John Livingston, Ellisville, Mo., John J. FitzGibbon, St. Louis, Mo., for defendant.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court on various pretrial motions of the defendant.
Plaintiffs Moses King and Morise King commenced this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 alleging racial discrimination and retaliatory discharge. The plaintiffs were employed by the Pagedale Police Department until June 3, 1980, when they were involuntarily terminated without a hearing. Prior to termination, on May 7, 1980, plaintiff Moses King filed charges of discrimination with the Missouri Commission on Human Rights (MCHR). On May 21, 1980, Moses King again filed EEOC discrimination *311 charges which were referred to the MCHR. On June 4, 1980, plaintiffs Moses King and Morise King both filed discrimination charges with the EEOC alleging retaliatory discharge because of their previous EEOC complaints. Subsequent to this last EEOC charge the plaintiffs, along with Donald McBride, Greenbaylum Walker, and Robert Brady, filed suit in federal district court pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fifth, and Fourteenth Amendments, alleging a denial of due process of law because they were terminated without hearings or advance notice. It was also alleged in that action that the plaintiffs were discharged because they refused to engage in unlawful activities which would have been for the political benefit of the defendant.
In August of 1981, after a four day administrative hearing, a hearing examiner for the MCHR issued a 26-page opinion of findings of fact and conclusions of law in which he determined that the plaintiffs had not been discriminated against, however, they had been retaliated against for filing previous discrimination complaints. The plaintiffs were given a monetary award but were not reinstated to their jobs. This opinion was then adopted by the MCHR. The City of Pagedale appealed this decision to the St. Louis County Circuit Court. On March 5, 1982, a judgment in favor of the City of Pagedale was rendered in plaintiffs' § 1983 suit in federal district court. Thereafter, on November 22, 1982, plaintiffs received a right-to-sue letter from the EEOC. Plaintiffs filed suit in this Court on February 11, 1983, alleging violations of Title VII and 42 U.S.C. § 1981. Finally, on May 2, 1983, the Circuit Court of St. Louis County affirmed the decision of the MCHR on plaintiffs' discrimination complaints.
The defendant, City of Pagedale, seeks by its various motions to, inter alia, strike plaintiffs' prayer for punitive damages, dismiss the complaint for lack of subject matter jurisdiction, and dismiss the complaint because of res judicata and/or collateral estoppel. The Court finds that the issues of res judicata and collateral estoppel are dispositive in this matter and will not address defendant's other motions.
Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); Ruple v. City of Vermillion, S.D., 714 F.2d 860 (8th Cir.1983). Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. Allen v. McCurry, 449 U.S. at 94, 101 S.Ct. at 414. The defendant alleges that plaintiffs' Title VII action is barred by res judicata because of the state court affirmance of the MCHR hearing. The defendant alleges that plaintiffs' § 1981 claim is collaterally estopped because the issue of racial discrimination was litigated in the MCHR proceeding and affirmed in the subsequent state court affirmance thereof. Alternatively, the defendant alleges that plaintiffs' § 1981 claim is barred by res judicata because it could have been, but was not, raised in the parties' previous § 1983 federal suit.
The doctrine of res judicata bars the plaintiffs from bringing this Title VII action. Kremer v. Chemical Construction Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). In Kremer the plaintiff filed an employment discrimination charge with the EEOC under Title VII and, as required by the Act, it was referred to the New York State Division of Human Rights (NYHRD). The NYHRD rejected the claim as meritless and was upheld on administrative appeal. The Appellate Division of the New York Court affirmed. Subsequently, the EEOC ruled that there was no reasonable cause to believe that the discrimination charge was true and issued a right-to-sue letter. Kremer then brought a Title VII action in federal district court. The Supreme Court held that the district *312 court was required to give preclusive effect to the state court decision upholding the state administrative agency's rejection of an employment discrimination claim.
The Supreme Court based its decision on 28 U.S.C. § 1738 which provides:
The ... judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the court of such State....
The Supreme Court stated that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. "Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the state from which the judgment is taken." Kremer, 102 S.Ct. at 1897. That is, federal courts must give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so. Kremer, 102 S.Ct. at 1898. The Supreme Court found that there was no question that the New York judicial determination precluded Kremer from bringing any other action, civil or criminal, based upon the same grievance in the New York courts. Therefore, § 1738 precluded Kremer from relitigating the same question in federal court.
The procedural setting of the present case is similar to that in Kremer. In the present action plaintiffs Moses King and Morise King filed discrimination charges with the EEOC which, as required, were referred to the Missouri Commission on Human Rights. After the MCHR determination the EEOC issued a right-to-sue letter and the plaintiffs initiated this action in federal court. The MCHR determination was then affirmed by a state court judgment.
Initially, the Court notes that the federal action was commenced prior to the state court affirmance of the MCHR decision. A final state judgment, however, has preceded the commencement of trial in this Court. When two actions are pending at the same time, the first of two judgments has preclusive effect on the second, and, therefore, this Court is bound by the preceding state judgment. Unger v. Consolidated Foods Corp., 693 F.2d 703 (7th Cir. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1801, 76 L.Ed.2d 366 (1983).
In Kremer the New York agency had concluded, after informal proceedings, that Kremer's claim was without merit and should be dismissed. The Supreme Court acknowledged that 28 U.S.C. § 1738 would apply only if there had been a full and fair opportunity to litigate the claim before the state tribunal. The Supreme Court concluded, however, that for the purposes of § 1738 a full and fair opportunity has been provided whenever state proceedings satisfy the minimum procedural requirements of the Fourteenth Amendment's due process clause. Kremer, 102 S.Ct. at 1897. If the state administrative procedure and judicial review in Missouri is at least comparable to the state system evaluated in Kremer, the plaintiffs will be barred from litigating their Title VII action in federal court.
A review of Missouri administrative agency proceedings and the judicial review thereof reveals that these procedures meet the minimum due process requirements. The MCHR is authorized to hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any person under oath, and in connection therewith, require the production for examination of any books or papers relating to any matter under investigation or in question before the Commission. MO.ANN. STAT. § 296.030(8). Pursuant to MO. ANN.STAT. § 536.063, et seq., contested cases are instituted by written pleadings; notice is provided to all necessary parties; oral testimony is taken only under oath or affirmation; and each party has the right to call and examine witnesses, to introduce exhibits, to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not the subject of the direct examination, to impeach any witness regardless of which party first called him to testify, and to rebut the evidence against him. The parties may take *313 and use depositions, and cause subpoenas to be issued by the Commission. Further, pursuant to § 296.040, a person filing a discrimination charge has the right to an impartial decision maker, an attorney, and a written opinion.
In Missouri the judicial review of any administrative decision may extend to a determination of whether the action of the agency is unsupported by competent and substantial evidence upon the whole record, is made upon unlawful procedure or without a fair trial, is arbitrary, capricious, or unreasonable, or involves an abuse of discretion. MO.ANN.STAT. § 536.140. This comports with the judicial review in the New York Appellate Division which was available "to assure that a claimant is not denied any of the procedural rights to which he was entitled and that the NYHRD's determination was not arbitrary and capricious." Kremer, 102 S.Ct. at 1899. Further, as in Kremer, an order of a Missouri circuit court affirming an administrative decision has been held to be a final judgment. Hickman v. Division of Employment Security, 448 S.W.2d 270 (Mo. App.1969). Accordingly, this Court has no hesitation in concluding that this array of procedures, complemented by administrative as well as judicial review, is sufficient under the Due Process clause. The Court further notes that, as stated in Kremer, the possibility that the plaintiff may have failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy. Kremer, 102 S.Ct. at 1899.
The inescapable conclusion of this Court's analysis of the present case is that the Court is bound by the Supreme Court's decision in Kremer. The plaintiffs' arguments against this result were for the most part addressed by the dissenting opinions in Kremer. Although these arguments are persuasive, this Court is bound by the majority decision in Kremer. The decision in Kremer answers the central questions that arise when a federal proceeding under Title VII follows a state proceeding under state discrimination laws. A state administrative proceeding is not sufficient to support preclusion standing alone, but preclusion does arise if the administrative decision is affirmed on judicial review. The plaintiffs argue that this result should not be reached here because the plaintiffs did not in this instance seek the judicial review of the state court. Rather, judicial review was sought by the defendant City of Pagedale. Nothing in the Supreme Court's opinion indicates that the result turns on the fact that the claimant sought court review. The Supreme Court's reliance on 28 U.S.C. § 1738 compels the conclusion that preclusion applies to a state judgment regardless of who sought judicial review.
The plaintiffs are collaterally estopped from litigating their § 1981 claim. Section 1981 prohibits racial discrimination in private employment. The issue presented by the plaintiffs before the MCHR[1] and in the § 1981 claim is whether the Pagedale Police Department discriminated against them because of their race. The state court affirmance of the MCHR determination yields, following the logic of Kremer, a state court judgment on the issue of racial discrimination. Pursuant to 28 U.S.C. § 1738, this state court judgment must be given full faith and credit in this Court. Accordingly, because the present action involves the same parties and the same issue as has been previously adjudicated, the plaintiffs are estopped from relitigating this issue. Brown v. St. Louis Police Department, 691 F.2d 393 (8th Cir. 1982); Davis v. United States Steel Supply, 688 F.2d 166 (3d Cir.1982); Mitchell v. National Broadcasting Co., 553 F.2d 265 (2d Cir.1977).
*314 Furthermore, the plaintiffs' § 1981 action is barred by their previous § 1983 action. Subsequent to filing racial discrimination charges with the EEOC, the plaintiffs, along with others, commenced an action against the City of Pagedale under § 1983 alleging a denial of due process because of their termination without a hearing. The plaintiffs knew of the racial discrimination and retaliation causes of action prior to the commencement of the § 1983 suit. As in the § 1983 suit, the operative facts here are those surrounding the plaintiffs' termination. Thus, the plaintiffs could have raised their § 1981 claims in the prior action. Final judgment on the merits of the § 1983 action precludes the relitigation of the claim on any ground raised before or on any ground, such as racial discrimination, which could have been raised in the prior action. Federated Department Stores, Inc. v. Moitie, 452 U.S. at 398, 101 S.Ct. at 2428.
"Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." Federated Department Stores, Inc. v. Moitie, 452 U.S. at 401, 101 S.Ct. at 2429 (quoting Baldwin v. Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931)). Res judicata "is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the court." Federated Department Stores, Inc. v. Moitie, 452 U.S. at 401, 101 S.Ct. at 2429 (quoting Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148 (1917). In view of the decisions in Kremer and the other cases cited herein, the Court concludes that under existing law the plaintiffs' § 1981 and Title VII claims are barred by res judicata. Accordingly, the defendant's motion to dismiss is granted.
NOTES
[1] The MCHR evaluated the defendant's actions under MO.ANN.STAT. 296.020, which prohibits as an unlawful employment practice the failure or refusal to hire, or the discharge of any individual because of such individual's race, creed, color, religion, national origin, sex, ancestry, or handicap. Both § 1981 and § 296.020 clearly outlaw the discrimination complained of by the plaintiffs.