**BANK BUILDING AND EQUIPMENT CORPORATION OF AMERICA,**
**Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. 66120.**

Supreme Court of Missouri,
En Banc.

Feb. 26, 1985.

As Modified April 2, 1985.

Rehearing Denied April 2, 1985.

Byron E. Francis, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

This is another case involving the construction of the Missouri state income tax laws as they relate to transactions having interstate elements.

The taxpayer-appellant is a Delaware corporation with its corporate headquarters in St. Louis. It is a construction company specializing in the design and construction of buildings for financial institutions and health care facilities. The taxpayer has eight divisions, serving different parts of the country. The case before us involves only the central division, based in St. Louis and operating in Missouri and nearby states.

The taxpayer, in computing its Missouri income tax for 1975, 1976 and 1977, elected to use the "single factor" formula authorized by § 143.451, RSMo 1978, reading as follows:

(2) The taxpayer may elect to compute the portion of income from all sources in this state in the following manner:

(a) The income from all sources shall be determined as provided, excluding therefrom the figures for the operation of any bridge connecting this state with another state.

(b) The amount of sales which are transactions wholly in this state shall be added to one half of the amount of sales which are transactions partly within this state and partly without this state, and the amount thus obtained shall be divided by the total sales or in cases where sales do not express the volume of business, the amount of business transacted wholly in this state shall be added to one-half of the amount of business transacted partly in this state and partly outside this state and the amount thus obtained shall be divided by the total amount of business transacted, and the net income shall be multiplied by the

fraction thus obtained, to determine the proportion of income to be used to arrive at the amount of Missouri taxable income. The investment or reinvestment of its own funds, or sale of any such investment or reinvestment, shall not be considered as sales or other business transacted for the determination of said fraction.

The taxpayer divided its revenues into three categories: Consulting, design, and construction. For buildings outside Missouri, it returns consulting and design revenues as income from sales or transactions partly within and partly without the state. It maintains that the portion of its income allocable to construction arises from sources wholly outside the state, and allocates none of this to Missouri. The Director of Revenue challenged its returns filed on this basis, asserting that the income from a particular project should be treated as a unity and could not be broken down among several operations as the taxpayer had done. The taxpayer sought review by the Administrative Hearing Commission, which sustained the Director's position, concluding that the income from construction was "related to the overall effort asserted by the Central Division located within Missouri." The taxpayer appeals to this Court.

## I.

The taxpayer shows that an issue was made as to the proper allocation of its income for 1974 before the State Tax Commission when that body had jurisdiction to review assessments made by the Director of Revenue. The Commission found that construction income was derived from "transactions wholly outside Missouri." It asserts that it fully described its operations in the hearing before the Tax Commission, and that there has been no substantial change in its method of doing business between that time and this. We assume for purposes of this opinion that these statements are correct.

The then Director of Revenue did not seek judicial review of the decision of the State Tax Commission as to the 1974 taxes. The taxpayer argues that the Director should be collaterally estopped as to the 1975, 1976 and 1977 taxes by reason of the final decision of the Commission.

We find no authority precisely on point. In *Bartlett & Co. Grain v. Director of Revenue*, 649 S.W.2d 220, 224–5 (Mo.1983), we held that an administrative determination by one Director of Revenue does not preclude a future director from taking a different position. The Director's action, however, was not an adjudication.

Both sides cited *A.P. Green Refractories v. State Tax Com'n*, 621 S.W.2d 340 (Mo. App.1981). There the court took note of the fluid state of tax law and declined to apply the doctrine of collateral estoppel to a case decided on an agreed statement of facts, when a supervening decision of this Court indicated a different view of the law. *Cf.*

The taxpayer cites *Kansas City v. Graybar Electric Co., Inc.*, 485 S.W.2d 38 (Mo. banc 1972) for the proposition that the doctrine of collateral estoppel applies to tax cases. The Court held there that the judgment did not demonstrate which of the three grounds assigned was determinative, and therefore could not operate as an estoppel on any of these grounds. The opinion did not reach the issue for which it is cited. *Cf.* 1 Rest. of Judgments 2d, Sec. 27, Illustration 9.

The Director suggests that collateral estoppel should not be applied to the decision of an administrative agency, because of that agency's freedom to modify its policies. *See City of Columbia v. Mo. State Bd. of Mediation*, 605 S.W.2d 192 (Mo.App. 1980), 79 A.L.R.2d 1135.

Suffice it to say for present purposes that an unappealed decision of the State Tax Commission should not operate as an estoppel for future years' taxes, even though the same facts and legal questions are placed in issue. The Tax Commission plays an important part in the revenue system of the state, but its members are not required to be legally trained. Its re-

view function over deficiencies has now been assigned to the Administrative Hearing Commission, which provides a hearing before a commissioner who must be a member of the bar. It is appropriate to consider the nature of a tribunal in determining the estoppel effect of its rulings. 2 Rest. of Judgment 2d, Comment b, Sec. 83. We can understand a taxpayer's annoyance at the re-litigation of a point which might appear to be settled, but we do not believe that either the taxpayer or the Director should have a vested interest in a decision of the State Tax Commission for a previous tax year.

## II.

 We are obliged to sustain the decision of the Administrative Hearing Commission if it is "supported by substantial evidence on the record as a whole." We conclude that it is so supported.

Counsel for the Director, at the hearing, read a statement from the taxpayer's annual report for 1974, as follows:

Rather than merely designing an attractive building and then adapting it to the client's operation, Bank Building works "from the inside out" to plan and create a new or remodeled facility-beginning with an in-depth analysis of client operations and needs. The objective of Bank Building's service is to provide a completed facility which can achieve optimum business earnings or patient care, having been planned to meet the client's current and future needs in the most cost-effective manner.

The taxpayer's principal witness, a executive officer, said that the statement was consistent with his testimony. The statement supports the Commission's findings.

The taxpayer points out that many, if not most, of its projects were initially solicited by its local salesmen, that the final design is approved by a locally licensed architect, that each project is under the direction of a superintendent who assumes local residence, that decisions about subcontracting are locally made, and that vouchers are locally certified. Balanced against this is the evidence that the consulting and design services are performed by architects based at the division office, that the taxpayer seldom undertakes a construction project in which it does not supply the design, and that the superintendent of the site is subject to directive from the division headquarters. One gets the distinct impression that the "brains" of this specialized operation are located in St. Louis, at least insofar as the Central Division is concerned.

There is no showing of a conflict between the Missouri taxing authorities and those of any other state.

Many cases have dealt with the problem of allocation of income. The closest is *International Travel Advisors v. State Tax Com'n*, 567 S.W.2d 650 (Mo. banc 1978). ("Intrav") The taxpayer had a headquarters in Missouri and planned group chartered tours to foreign countries. We held that income from tours which departed from and returned to points outside Missouri nevertheless arose from transactions partly within and partly without the state of Missouri, because the planning and arranging was done from the St. Louis office. This case also involves a persuasive element of central planning and design. *"Intrav"* supports our conclusion, and it is not necessary to discuss earlier cases.

The Commission properly found that the income was produced by "overall effort" centered in Missouri. It did not have to accept the taxpayer's segmentation of its operation.

The decision of the Administrative Hearing Commission is affirmed.

All concur.