623 F.Supp. 104 (1985)
Carla M. GRECO, Plaintiff,
v.
ABC TRANSNATIONAL CORPORATION d/b/a Air Freight Company, et al., Defendants.
No. 84-2332C(6).
United States District Court, E.D. Missouri, E.D.
December 18, 1985.
*105 Michael S. Geigerman, Clayton, Mo., for plaintiff.
Joseph H. Mueller, John A. Michener, Michael Swafford, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
Plaintiff brought this action to recover for injuries she sustained when she allegedly fell from a ramp while working on a loading dock allegedly owned and operated by defendant Air-a-Way Express (Air-a-Way). Plaintiff amended her complaint in July 1985 to add Pilot Air Freight (Pilot) as a defendant, alleging an agency relationship between Pilot and Air-a-Way. Pilot asserts that the relationship that existed between the parties defendant at the time of the accident was that of employer/independent contractor and moves for summary judgment on the ground that it cannot be held liable for the negligence of Air-a-Way on a theory of respondeat superior. Because the Court finds that plaintiff has failed to support its allegations of agency with any evidence tending to create a genuine factual issue for trial, Rule 56, Fed.R. Civ.P., the Court concludes as a matter of law that Air-a-Way acted as an independent contractor. Since, therefore, no recovery may be had against Pilot for the alleged negligence of Air-a-Way, the Court sustains defendant's motion for summary judgment.
At the outset, the Court notes "that summary judgment is an extreme remedy, not to be employed unless the movant has established his right to a judgment with such clarity as to leave no room for controversy and that the other party is not entitled to recover under any discernible circumstances. Ozark Milling Co. v. Allied Mills, Inc., 480 F.2d 1014 (8th Cir.1973) and cases therein cited." Steele v. Armour & Co., 583 F.2d 393 (8th Cir.1978), citing Lyons v. Board of Ed. of Charleston, 523 F.2d 340, 347 (8th Cir.1975). The Court also notes "its salutory purpose in avoiding a useless, expensive, and time consuming trial where there is no genuine, material fact to be tried." Id.
Defendant Pilot is a Pennsylvania corporation engaged in the freight forwarding business. Pilot arranges for the shipment of freight at the request of consignors to locations throughout the United States for ultimate delivery to consignees. In furtherance of this business, Pilot has contracted for the services of Air-a-Way, which makes ultimate delivery of shipments forwarded by Pilot, among others, to consignees in the St. Louis area.
Missouri law, which controls in this diversity action, distinguishes between a servant/agent and an independent contractor. See generally Corder v. Morgan Roofing Co., 350 Mo. 382, 166 S.W.2d 455 (1942). An independent contractor "is a person who contracts with another to do something for him, but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." Id. 166 S.W.2d at 457, citing Rest.Agency § 239. Where a party acts as an independent contractor in undertaking the act giving rise to the injury alleged, liability of the other contracting party cannot flow from a theory of respondeat *106 superior. Corder, supra, 166 S.W.2d at 457.
The determination whether a individual acts as an agent or an independent contractor in a particular employment context turns on a factual evaluation focusing on the level of control by the alleged principal over the activity of the purported agent. Factors to be considered in making this evaluation are set forth in the Second Restatement of Agency, § 220, and include
1) the extent of control exercised by the master;
2) whether the employer of the workman supplies the instrumentalities, tools and places of work for the persons doing the work;
3) the method of payment for the work; and
4) whether the work is part of the regular business of the employer.
In the instant case, it appears to the Court that defendant Pilot contracted with Air-a-Way as an independent business enterprise to make deliveries of shipments forwarded by Pilot to the St. Louis area. The affidavit of William Colbert, vice president of Pilot, submitted to the Court in support of defendant's motion, avers that no representative of Pilot ever visited or inspected the premises of Air-a-Way prior to the time of the accident giving rise to this suit. The affidavit further attests that Pilot never controlled the business of Air-a-Way, did not supply the instrumentalities or place of work for the enterprise, and exercised no supervisory control over the employees of Air-a-Way. Finally, Mr. Colbert's affidavit asserts that Air-a-Way billed Pilot on a weight-per-delivery basis. See affidavit of William Colbert, attached to defendant's motion for summary judgment.
While Rule 56 will not permit "trial by affidavit" in place of a full trial on the merits where material facts are in dispute, Marion County Co-op Assn. v. Carnation Co., 114 F.Supp. 58 (W.D.Ark.1953), aff'd, 214 F.2d 557 (8th Cir.1954); 10A Wright & Miller Federal Practice & Procedure § 2738, the Court in ruling on a motion for summary judgment may appropriately consider affidavits tending to establish that no genuine factual controversy is present in the case. Id. Defendant Air-a-Way has admitted the facts averred in Mr. Colbert's affidavit. See response of defendant Air-a-Way to request for admissions of defendant Pilot, attached to defendant's motion for summary judgment. The Court recognizes that "[g]enerally, the relationship of principal-agent or employer-employee is a question of fact to be determined by the jury when, from the evidence adduced on the question, there may be a fair difference of opinion as to the existence of the relationship." Smoot v. Marks, 564 S.W.2d 231, 236 (Mo.App.1978). The relationship becomes a question of law only "... where the material facts from which it is to be inferred are not in dispute and only one reasonable conclusion can be drawn therefrom." Id. This Court concludes that the undisputed facts in this case establish the relationship between Pilot and Air-a-Way as that of employer/independent contractor as a matter of law.
The sole evidence plaintiff has presented to the Court in opposition to defendant's motion is the deposition testimony of Walter Deichmann, husband of the president of Air-a-Way and an employee of that company. In his deposition Mr. Deichmann asserted, "We handled for Pilot Air Freight because we are their agent. We are their agent here in St. Louis." See Walter Deichmann deposition, p. 45. While the sworn testimony of an agent may be competent evidence to establish his agency, see Cameron Mutual Insurance Co. of Missouri v. Bouse, 635 S.W.2d 488, 491 (Mo.App.1982); Southwestern Bell Telephone Co. v. Roussin, 534 S.W.2d 273 (Mo. App.1976), the Court does not deem Mr. Deichmann's testimony adequate to rebut the substantial evidence submitted by defendant establishing facts contradictory to a finding of agency. The Court has no evidence before it suggesting that Mr. Deichmann has the authority to speak for Air-a-Way, and in view of the corporation's *107 admissions, the Court finds that plaintiff has failed to proffer sufficient evidence to raise a genuine factual issue with respect to the business relationship between Pilot and Air-a-Way.[1]See Steele, supra at 397.
Plaintiff having failed to offer evidence sufficient to create a factual issue requiring resolution at trial, this Court holds that defendant is entitled to judgment as a matter of law.
NOTES
[1] Plaintiff has also directed the Court to a number of cases establishing the liability of a common carrier for the safe delivery of goods or passengers when part of a journey is contracted out to another company. The Court finds these cases inapposite to the instant action, which involves allegations of personal injury suffered at the place of business of a contracting company and does not make claims for damage or injury in transit.