ROBERTSON, Judge.
Hayes Drilling, Inc., (Hayes) elected to compute its state income tax in accordance with § 143.451.2, RSMo 1978, for its tax years ending February 28, 1981 and 1982. The Director of Revenue, following audit, assessed an additional tax of $880 for 1981 and $589 for 1982, on the basis that Hayes should have included 50 percent of the corporation’s income from transactions allegedly occurring partly in Missouri and partly in other states. Hayes sought review of the Director’s assessment in the Administrative Hearing Commission. After hearing, the Administrative Hearing Commission upheld the Director’s assessment of tax for the years in question; Hayes appealed to this Court. Because this appeal involves the construction of a revenue law of this state, we have jurisdiction. Mo. Const, art. V, § 3. The decision of the Administrative Hearing Commission is affirmed.
I.
Appellant Hayes is incorporated under the laws of the State of Missouri with its principal office in Kansas City, Missouri.[1] The corporation is in the business of drilling piers for foundations to support large structures, typically commercial buildings and bridges. Appellant operates as a subcontractor in approximately 12 midwestern *233 states, including Missouri. When notified of a project by a general contractor, the appellant prepares and presents bids for the project. In its normal practice, the appellant sends a representative to examine the actual job site. The actual bid proposal submitted by appellant to the general contractor is made up in either the Kansas City office or in the Lexington, Kentucky office, depending upon where the job is located. Appellant’s bids are reviewed by the company president in Kansas City before they are submitted to the general contractor. Appellant derives all of its income from drilling and constructing piers; it has no sales, repair, design or engineering consulting income. The headquarters office in Kansas City consists of a chief executive officer, Gene E. Hayes, his son, who is also a full-time executive of the corporation, the chief estimator, and a clerical person who serves as both the office manager and bookkeeper for the corporation.
If appellant is the successful bidder on a project, the general contractor sends an unexecuted contract to Kansas City. Appellant executes the contract for its part in Kansas City and returns the contract back to the general contractor for final acceptance. If the general contractor accepts the contract, appellant dispatches a job superintendent, a drill operator, and a drill rig from Kansas City to the job site. These employees are paid from the Kansas City office. Local labor is retained at the job site by the superintendent to fill any other personnel positions required by appellant to meet its obligations under the contract. Necessary project materials are purchased at the job site. The superintendent makes payment for locally purchased materials and makes up the payroll of the local employees at the job site.
During the construction phase, the job superintendent makes regular progress reports to the Kansas City office and will, should the occasion arise, discuss problems encountered at the job site with personnel in the Kansas City office. All progress payment requests are made to the general contractor from the Kansas City office. Appellant collects and retains in Kansas City all information from the jobs it has undertaken. Such information is employed for making future bids and to assist in the development of expertise of Kansas City office personnel.
II.
Section 143.451 provides in pertinent part:
2. A corporation ... shall include in its Missouri taxable income all income from sources within this state, including that from the transaction of business in this state and that from the transaction of business partly done in this state and partly done in another state or states. However:
* * * A * sfc
(2) The taxpayer may elect to compute the portion of income from all sources in this state in the following manner:
[[Image here]]
(b) The amount of sales which are transactions wholly in this state shall be added to one-half of the amount of sales which are transactions partly within this state and partly without this state, and the amount thus obtained shall be divided by the total sales or in cases where sales do not express the volume of business, the amount of business transacted wholly in this state shall be added to one-half of the amount of business transacted partly in this state and partly outside this state and the amount thus obtained shall be divided by the total amount of business transacted, and the net income shall be multiplied by the fraction thus obtained, to determine the proportion of income to be used to arrive at the amount of Missouri taxable income ....
Appellant elected to employ this “single factor” formula in filing its tax return for its tax years 1981 and 1982.
Appellant relies on In Re Kansas City Star Co., 346 Mo. 658, 142 S.W.2d 1029, 1037 (banc 1940), and its progeny, Gold *234 berg v. State Tax Commission, 639 S.W.2d 796, 803 (Mo. banc 1982), and Langley v. Administrative Hearing Commission, 649 S.W.2d 216, 217 (Mo. banc 1983), for the proposition that the source of income derived by a business entity is the place where that income was produced. Appellant urges that its earnings from construction contracts performed outside Missouri is income produced outside the State of Missouri and, therefore, that § 143.451.2 does not apply.
This court has faced questions relating to the allocation of income from interstate sources regularly. The word “transaction”, as used in § 143.451.2 and as defined in In re Kansas City Star, “is practically all inclusive, and signifies any business activity productive of income.” Id., 142 S.W.2d at 1037. If the efficient entry by the taxpayer into the process by which income is produced occurs in this state, then that transaction is one “partly within this state” within the meaning of § 143.-451.2. International Travel Advisors, Inc. v. State Tax Commission, 567 S.W.2d 650, 654 (Mo. banc 1978). Income earned by means of such a transaction is, therefore, taxable under § 143.451.2.
Last year, this Court decided Bank Building & Equipment Corp. v. Director of Revenue, 687 S.W.2d 168 (Mo. banc 1985). There, this Court balanced the out-of-state activities of the taxpayer against the elements of direction and management provided by the taxpayer from its headquarters in Missouri. In striking the balance the Court said: “one gets the distinct impression that the ‘brains’ of this specialized operation are located in St. Louis.... ” Id. at 171. The Court concluded that the “income was produced by an ‘overall effort’ centered in Missouri,” id. at 171, and that this contact was sufficient to sustain the Administrative Hearing Commission’s determination that the transactions in question occurred partly within and partly without this state.
Our review of the record in this case leads us to the conclusion that the sine qua non of appellant’s enterprise is the set of functions performed in the Kansas City office; the “brains” of the operation are in Kansas City, Missouri.
Appellant argues that, because it is a mere subcontractor and performs no design or consulting functions, its transactions are distinguishable from the transactions found taxable by this Court in Bank Building. Given the vital functions performed by appellant’s Missouri headquarters in its overall effort to obtain business and fulfill its contracts, we are not persuaded that Bank Building is distinguishable.
As in Bank Building, there is no showing of a conflict between Missouri taxing authorities and tax authorities of any other state.
The Administrative Hearing Commission’s finding that the income in question was produced by “an overall effort centered in Kansas City, Missouri” is supported by substantial evidence on the record as a whole. The decision of the Administrative Hearing Commission is affirmed.
HIGGINS, C.J., and BILLINGS, BLACK-MAR, DONNELLY, and RENDLEN, JJ., concur.
WELLIVER, J., dissents.

. Appellant also maintains an office in Lexington, Kentucky. Income from the Kentucky office is not at issue in this case.