672 F.Supp. 1205 (1987)
Laverne M. PERRY, Plaintiff,
v.
Joseph W. KUNZ, et al., Defendants.
No. 85-1730C(6).
United States District Court, E.D. Missouri, E.D.
November 3, 1987.
*1206 Michelle Sieveking, Anheuser-Busch Co., Inc., Doreen D. Dodson, Stolar Partnership, St. Louis, Mo., for plaintiff.
Mary Stewart Tansey, Cynthia Harcourt-Hearing, Asst. Attys. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motions for leave to amend answer and for summary judgment.
Plaintiff Laverne M. Perry is a sixty-five year old mulatto female. From May 1964 until April 1984 she was employed by the Department of Mental Health of the State of Missouri as a Food Service Helper I. During this time, she worked at St. Louis Hospital on Arsenal Street from 1964 until 1974 and at defendant Bellefontaine Habilitation Center (Bellefontaine) from 1974 until 1984. Beginning in 1981, she alleges that defendant Bellefontaine, defendant Joseph W. Kunz, the superintendent of Bellefontaine, defendant Margaret Kesselring, the personnel officer at Bellefontaine, and defendants Marie McPike and Lucy Johnson, plaintiff's supervisors at Bellefontaine, engaged in a campaign to discriminate against her because of her race, color and age. She alleges that the campaign against her culminated in April 1984 when defendants terminated her employment at Bellefontaine.
Shortly thereafter, and pursuant to the State Merit System Law, Chapter 36, R.S.Mo. (1987), plaintiff appealed her dismissal to the state Personnel Advisory Board (Board). After an evidentiary hearing, at which plaintiff, represented by counsel, testified, the Board found that she was dismissed for cause and affirmed her dismissal. In so doing, it specifically found that plaintiff "was incompetent, inadequate, careless or inefficient in the performance of her work duties" and that she "failed to meet [the] minimum standards" required of her job. Plaintiff then appealed the Board's decision to the Circuit Court of the City of St. Louis. On June 14, 1985, the court affirmed the Board's decision.
While pursuing her remedies under the State Merit System Law, plaintiff filed a timely charge with the EEOC in which she alleged she was terminated from her employment as a result of age and race discrimination. On April 30, 1985, the EEOC issued plaintiff her right-to-sue letter and, within the ninety-day period prescribed by statute, plaintiff filed a pro se complaint in this Court. The Court appointed counsel for plaintiff who thereupon filed a four-count amended complaint on behalf of plaintiff seeking recovery under Title VII, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., 42 U.S.C. § 1981 and 42 U.S.C. § 1983.
Defendants thereafter filed a joint motion to dismiss or in the alternative for summary judgment in which they argued that plaintiff was barred from litigating her claims in this Court inasmuch as she had already litigated the issue of her termination under the State Merit System Law. The Court granted defendants' motion in part and denied it in part. In an Order and Memorandum dated October 17, 1986, the Court, after noting that § 36.390(5), *1207 R.S.Mo. (1987), expressly permitted plaintiff to raise race, but not age, discrimination before the Board, held that plaintiff was collaterally estopped from asserting claims alleging racial discrimination and consequently dismissed her claims arising under Title VII, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. However, the Court declined to dismiss plaintiff's ADEA claim at that time as it found that the issue of whether she was discriminated against because of her age was one which could not have been brought before the Board and hence was "an issue fresh for litigation."
On September 28, 1987, or approximately one week before the scheduled trial of this action, defendants filed their motion for leave to amend answer in which they seek to assert res judicata and collateral estoppel as affirmative defenses to plaintiff's ADEA claim, and their motion for summary judgment, in which they contend that plaintiff is collaterally estopped from litigating her ADEA claim. On October 1, 1987, counsel for the parties appeared before the Court at a pre-trial conference. At that time, the Court indicated it would rule on defendants' motions prior to trial and that, in light of the parties' consent to refer this matter to a United States Magistrate if a trial ultimately proved necessary, the parties could reschedule the trial at a time mutually convenient to the Magistrate and to themselves. For the following reasons, the Court grants both of defendants' motions and dismisses plaintiff's cause of action against defendants in its entirety.

A. Defendants' Motion for Leave to Amend Answer
Res judicata and collateral estoppel are affirmative defenses which must be pleaded. Rule 8(c), Fed.R.Civ.P. "The purpose of such pleading is to give the opposing party notice and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." Blouder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 330, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). However, Rule 15(a) of the Fed.R. Civ.P. provides that "a party may amend his pleadings ... by leave of court" and that such leave "shall be freely granted when justice so requires." An answer, like any pleading, may be amended to incorporate affirmative defenses which are inadvertently omitted. Groninger v. Davison, 364 F.2d 638 (8th Cir.1966). The decision as to whether to allow such an amendment lies in the sound discretion of the trial court. Id.
In support of their motion for leave to amend answer, defendants admit that they omitted to assert res judicata and collateral estoppel as affirmative defenses in their answer which they filed subsequent to the Court's Order and Memorandum of October 17, 1986. Nevertheless, they contend that plaintiff was on notice that they intended to rely on the Board's decision in proffering their defense, inasmuch as they had previously asserted these defenses in their motion to dismiss or in the alternative motion for summary judgment, and that, by allowing the amendment, plaintiff would not be unduly prejudiced as she would be (and indeed has been) given a full opportunity to respond. As the Court finds these arguments to be persuasive, it grants defendants leave to so amend their answer.

B. Defendants' Motion for Summary Judgment
At the outset, the Court notes that summary judgment is only available to a moving party who "has established his right to judgment with such clarity as to leave no room for controversy." Greco v. ABC Transnational Corp, 623 F.Supp. 104, 105 (E.D.Mo.1985), citing Steele v. Armour & Co., 583 F.2d 393 (8th Cir.1978). The burden of proof rests on the moving party and the Court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). However, as the Supreme Court recently observed, it should not be regarded as a "disfavored procedural shortcut" but as an "integral part of the Federal Rules as a whole, which are designed `to secure the just, speedy and inexpensive determination of every action.'" *1208 Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), (citation omitted). Indeed, and if appropriate, summary judgment serves a "salutary purpose in avoiding a useless, expensive, and time consuming trial where there is no genuine, material fact issue to be tried." Lyons v. Board of Education of Charleston, 523 F.2d 340, 347 (8th Cir.1975).
In support of their motion for summary judgment, defendants contend that plaintiff is collaterally estopped from relitigating the issue of her job performance as the Board has already decided that her job performance was below the minimum standards required of her job and therefore cannot establish a prima facie case of age discrimination under the ADEA. In response, plaintiff contends that the Board's decision should not be granted preclusive effect and that, even if it is, she can still establish a prima facie case of age discrimination. As the Court finds plaintiff's arguments to be without merit, it grants defendants' motion for summary judgment.
Generally speaking, the doctrine of collateral estoppel or issue preclusion provides that, once a court has decided an issue of fact or law which is necessary to its judgment, the court's decision precludes relitigation of the same issue in a different cause of action between the same parties or those in privity with them. Kremer v. Chemical Construction Corp., 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982); Soldiers of the Cross v. Federal Deposit Insurance Corp., 560 F.Supp. 6, 8 (E.D.Mo.1982). Moreover, a federal district court is required to give preclusive effect to a state court judgment if the state from which the judgment emerged would do so. 28 U.S.C. § 1738. See Kremer, supra (requiring federal district court to give preclusive effect to judgment upholding administrative agency's rejection of employment discrimination claim). Accordingly, it is necessary to review Missouri law of collateral estoppel or issue preclusion to determine the preclusive effect of the Board's decision.
In Missouri collateral estoppel or issue preclusion will preclude a party from relitigating an issue of law or fact necessarily decided in a prior suit if (1) the issue decided in the prior adjudication was identical to the issue decided in the present action, (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party to a prior adjudication; and (4) the party had a full and fair opportunity to litigate the issue in the prior suit. Oates v. Safeco Insurance Co. of America, 583 S.W.2d 713, 719 (Mo. banc 1979); Bank Building & Equipment Corp. v. Director of Revenue, 687 S.W.2d 168 (Mo. banc 1985).
Plaintiff contends that neither the second nor the fourth criteria is satisfied in the present case. First, she contends that the issue decided by the Board and affirmed by the Circuit Court of the City of St. Louis  that plaintiff failed to meet the minimum standards required of her job  is not identical to the issue of whether defendants discriminated against her because of her age. Second, she contends that the administrative process set forth in Missouri's Merit System Law did not afford her a full and fair opportunity to litigate the issue of her job performance.
Although there is surface appeal to plaintiff's first contention, it is unpersuasive in that it fails to take into account the elements plaintiff is required to prove to state a cause of action under the ADEA. In order to state a cause of action under the ADEA, plaintiff must establish a prima facie case of age discrimination by showing (1) that she was within the protected age group, (2) that she performed her job at a level that met her employer's legitimate expectations, (3) that she was terminated from her job, and (4) that her employer tried to replace her with someone else who would provide the same service or skill. Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir.1987); Clements v. General Accident Insurance Co. of America, 821 F.2d 489, 491 (8th Cir.1987); Halsell v. Kimberly-Clark Corp., 683 F.2d 285, 289 (8th Cir.1982). If plaintiff does establish a prima facie case, then defendant *1209 has the burden of producing some legitimate non-discriminatory reason for the alleged discriminatory action. Raschick, 830 F.2d at 1499; Halsell, 683 F.2d at 291. If she does not, the Court may award summary judgment against her. Raschick, supra (defendant employer entitled to summary judgment as plaintiff employee failed to establish a prima facie case of age discrimination). See also Halsell, supra (defendant employer entitled to directed verdict as plaintiff employee failed to establish a prima facie case of age discrimination).
Thus to state a cause of action under the ADEA plaintiff must establish a prima facie case of age discrimination by showing, among other things, that her job performance met her employer's legitimate expectations. However, the identical fact issue was decided against her when the Board, in a decision affirmed by the Circuit Court of the City of St. Louis, specifically found that plaintiff "was incompetent, inadequate, careless or inefficient in the performance of her work duties" and that she "failed to meet [the] minimum standards" required of her job. As the issue decided by the Board is identical to the issue plaintiff is required to establish in the present action, plaintiff is collaterally estopped from relitigating the issue here and consequently cannot state a cause of action under the ADEA.
The Court also finds plaintiff's second contention to be unpersuasive. After reviewing the applicable state administrative proceedings and the record of the hearing accorded to plaintiff, the Court concludes that plaintiff was provided with a full and fair opportunity to litigate the issue of her job performance.
Under the State Merit System Law, plaintiff could, and did, appeal defendants' decision to terminate her employment to the Board. § 36.390(5), R.S.Mo. (1987). She was entitled to, and received, a hearing before a hearing officer, duly appointed by the Board, at which she was represented by counsel and afforded an opportunity to be heard and to produce evidence. §§ 36.390(5), (6), R.S.Mo. (1987). The hearing officer was empowered to administer oaths, subpoena witnesses and to compel the production of pertinent records. § 36.390(6), R.S.Mo. (1987). Under Missouri law, her appeal constituted a "contested case." § 36.390(9), R.S.Mo. (1987). As such, oral testimony was taken under oath and the parties had the right to call and examine witnesses, to introduce exhibits, to cross-examine opposing witnesses, to impeach any witness and to rebut the evidence offered against them. § 536.070, R.S.Mo. (1987). The parties could take and use depositions and cause the Board to issue subpoenas on their behalf. §§ 536.073, 536.077, R.S.Mo. (1987).
At the conclusion of the hearing, the hearing officer was required to prepare a summary of the testimony and evidence and to recommend findings of fact, conclusions of law, decision and appropriate order for the approval of the Board. § 36.390(6), R.S.Mo. (1987). The Board may reject in whole or in part the recommendation, order the production of additional testimony, reassign the case for rehearing, or may itself conduct a new hearing prior to rendering a final decision. Id. Once rendered, plaintiff could, and did, appeal the decision to the Circuit Court for the City of St. Louis for a review on the record. § 36.390(9), R.S.Mo. (1987). A circuit court's review of the decision may extend to a determination of whether the action of the Board is unsupported by competent and substantial evidence upon the whole record, is made upon unlawful procedure or without a fair trial, is arbitrary, capricious, or unreasonable, or involves an abuse of discretion. § 536.140, R.S.Mo. (1987). Accordingly, in affirming the Board's decision here, the circuit court specifically found that it was "supported by competent and substantial evidence" and was "in accordance with the law."
Given the array of procedural safeguards and the actual treatment accorded plaintiff as evidenced by the record before the Court, this Court has no hesitation in concluding that plaintiff had a full and fair opportunity to litigate the issue of her job performance. Indeed other courts reviewing virtually identical procedures have held that such procedures comport with the minimum requirements of the fourteenth *1210 amendment due process clause. See, e.g., Kremer v. Chemical Construction Corp., 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); King v. City of Pagedale, 573 F.Supp. 309 (E.D.Mo.1983).
Plaintiff nevertheless seeks to avoid the result reached here by arguing that the present action is a mixed-motive case and that even if the Court finds that the Board's decision should be granted preclusive effect, she should be permitted to proceed to trial on the issue of whether age played any part in her dismissal. In so doing, she relies on Bibbs v. Block, 778 F.2d 1318 (8th Cir.1985). Plaintiff's reliance on Bibbs is misplaced. Bibbs does not change the requirement that plaintiff establish a prima facie case of age discrimination. Indeed, whether the case be a single or mixed-motive case, plaintiff cannot argue that the decision to terminate her employment was based even in part on an impermissible motive if she failed to satisfy the minimum requirements of her job.
Accordingly, the Court finds that there are no material facts in dispute and that defendants are entitled to summary judgment as a matter of law.

ORDER
Pursuant to the memorandum filed herein on this date,
IT IS HEREBY ORDERED that defendants' motion for leave to amend answer be and it is granted. Accordingly, the Court Clerk is instructed to file defendants' amended answer attached to their motion for leave to amend answer.
IT IS FURTHER ORDERED that defendants' motion for summary judgment be and it is granted.
In light of the above holdings,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment in this matter be awarded in favor of defendants and against plaintiff.