Ruth **MEITZ** and George Meitz, Appellants,

v.

Roberta **GARRISON**, Appellee.

No. 19382.

United States Court of Appeals Eighth Circuit.

July 28, 1969.

---

Vincent M. Igoe, St. Louis, Mo., for appellants.

Robert C. Ely, St. Louis, Mo., for appellee.

Before MEHAFFY and GIBSON, Circuit Judges, and MILLER, Senior District Judge.

MILLER, Senior District Judge.

On December 9, 1966, there was a collision on Goodfellow Boulevard in St. Louis, Missouri, near the entrance ramp onto Highway 70 between automobiles being driven by the parties. The plaintiffs appeal from a jury verdict and judgment for the defendant and from the trial court's refusal to grant a motion for judgment notwithstanding the verdict, or, in the alternative for a new trial. Jurisdiction is established by diversity of citizenship and the amount in controversy, and the case is controlled by Missouri law.

The points urged by plaintiffs for reversal are (1) that the verdict was against the weight of the evidence; (2) that the trial court erred in submitting the issue of plaintiff's contributory negligence to the jury; and (3) that the trial court erred in refusing plaintiffs' motion for directed verdict at the close of all the evidence.

We affirm for the reasons hereinafter stated.

 We are not faced with the question whether to apply the Missouri or federal test of the sufficiency of the evidence to support a jury verdict, as there is no appreciable difference be-tween them. Dick v. New York Life Ins. Co. (1959), 359 U.S. 437, 444–445, 79 S.Ct. 921, 926, 3 L.Ed.2d 935; Lewis v. Nelson (8 Cir. 1960), 277 F.2d 207.[1] In both, there must be substantial evidence to support the verdict. Brady v. Southern Ry. (1943), 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Reames v. St. Louis-San Francisco Ry. Co. (Mo.1962), 359 S.W.2d 230, 237. A verdict can be properly directed only when the evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the verdict. Ozark Air Lines, Inc. v. Larimer (8 Cir. 1965), 352 F.2d 9; State Farm Mutual Auto Ins. Co. v. Jackson (8 Cir. 1965), 346 F.2d 484; Tharp v. Monsees (Mo.1959), 327 S.W. 2d 889. It is unquestionably a judicial function to determine whether the evidence is substantial as a matter of law, and warrants submission of the case to the jury. On appeal, in determining whether the standard was met, the evidence must be considered most favorably to the party against whom the motion for directed verdict was made, giving him the benefit of every favorable inference the evidence can justify. Mac-Donald Engineering Co. v. Hover (8 Cir. 1961), 290 F.2d 301; Frisby v. Olin Mathieson Chem. Corp. (8 Cir. 1960), 279 F.2d 939; Gibson v. Newhouse (Mo. 1966), 402 S.W.2d 324.

Goodfellow runs in a generally north and south direction, and Highway 70 runs generally east and west. The plaintiff Mrs. Meitz was driving north on Goodfellow in the curb lane. Highway 70 runs under Goodfellow, and drivers desiring to enter Highway 70 may leave Goodfellow by means of a connecting ramp. However, the plaintiff wished to continue north on Goodfellow. As she approached the intersection, the traffic light was red. Immediately to the left of the curb lane were three other north-bound lanes, which were lined with traf-

1. See also Ford Motor Co. v. Mondragon (8 Cir. 1959), 271 F.2d 342; Wray M. Scott Co. v. Daigle (8 Cir. 1962), 309 F. 2d 105, 108–109; Dun & Bradstreet, Inc. v. Nicklaus (8 Cir. 1965), 340 F.2d 882, 885; Schneider v. Chrysler Motors Corp. (8 Cir. 1968), 401 F.2d 549, 554.

fic. There was a small automobile traveling in front of the plaintiff. Plaintiff came to a near stop about thirty feet from the intersection. When the traffic light on the northeast corner of Goodfellow turned green, the car immediately in front of the plaintiff proceeded into the intersection and turned right, onto the Highway 70 entrance ramp. Without stopping at the intersection line or looking to her left, plaintiff drove into the intersection, traveling at a speed of 5–8 miles per hour, and had gotten about half way across when her automobile was struck by the one driven by the defendant. No measurements showing the exact point of impact were introduced.

The defendant approached the intersection traveling south on Goodfellow in the left turn lane. She intended to turn left across the four northbound lanes and enter the Highway 70 ramp. Her grandfather and sister were in the front seat, and her mother and grandmother and a small boy were in the back seat. She had not driven through the intersection prior to the day of the collision. As she approached, the traffic light was red and she stopped. She saw a "Left turn yield" sign on the median about 20 feet from the intersection. The light turned green and back to red in regular sequence, but the defendant did not move due to the heavy northbound traffic. When the light turned green for the second time, she paused approximately five seconds and drove into the intersection. The curb lane was then empty and the cars in the three northbound lanes did not move until after the collision. After she had driven 15 or 20 feet into the intersection, her grandfather said: "Bobby, you have made a mistake." At that point she stopped, but a car had pulled forward directly behind her, and she could not back up. She was then approximately ten feet from the vehicles in the three northbound lanes. She then proceeded forward at ten or fifteen miles per hour and collided with the plaintiff. The defendant did not remember seeing an automobile come out of the curb lane

prior to the plaintiff. Neither party remembered seeing the other until the moment of impact. The defendant testified that she had no opportunity to swerve her car. The front end of defendant's car struck the left front door of plaintiff's car and came to a stop. The plaintiff's car continued on for 7 or 8 feet.

■ At the conclusion of all the evidence, counsel for plaintiff moved for a directed verdict on the ground that there was no evidence of contributory negligence and that the evidence established negligence on the part of the defendant as a matter of law.

The plaintiff's motion for directed verdict and motion for judgment notwithstanding the verdict were properly denied, because, at the very least, defendant made a submissible issue on her affirmative defense of contributory negligence. The trial court's instruction on contributory negligence was therefore correct. The plaintiff relies principally on Zalle v. Underwood (Mo.1963), 372 S.W.2d 98, in support of her contention that the record is devoid of evidence from which the jury could have found that any contributory negligence on the part of the plaintiff was a proximate cause of the collision. In particular, plaintiff contends that there is no evidence indicating she could have stopped in time to avoid the collision, even if she had seen the defendant at the earliest possible moment. In *Zalle,* the court reversed a judgment for the defendant-counterclaimant on the ground that a contributory negligence instruction should not have been given on behalf of the plaintiff in absence of substantial evidence to support a finding that the defendant had the means and ability to have so acted that the collision would have been avoided. The court stated at 372 S.W.2d 102:

> "Having the means and ability to avoid a collision means not only the mechanical appliances, such as steering apparatus with which to swerve, signalling equipment with which to warn or braking appliances with

which to slow down or stop, but also the existence of sufficient time and distance, considering the movements and speeds of the vehicles, to enable the party charged to take effective action in avoidance."

The plaintiff in *Zalle* made a left turn through a gap in a line of cars stopped for a red light in the center lane of a street and was hit by defendant who was coming up in the outside lane. The court pointed out that there was no evidence from which the jury could find that defendant could have seen the gap in the line of cars or plaintiff making a left turn in time to have avoided the accident. It might be added that the defendant in *Zalle* had no reason to expect the gap in the line of cars or that a motorist would make a turn through it, whereas Mrs. Meitz was certainly aware she was entering an intersection controlled by a traffic light.

While *Zalle* does set forth valuable criteria that bear on the issue of contributory negligence in similar cases, we feel that negligence and causation are questions for the jury in all but the clearest of cases. It is always so when the evidence on material facts is conflicting, or where, if the facts are undisputed, reasonable men might draw different conclusions from them. Tharp v. Monsees, supra; Fuzzell v. Williams (Mo.App.1956), 288 S.W.2d 372.

In *Fuzzell*, the court discussed the standard by which causation must be judged in cases in which contributory negligence is an issue. At page 377 the court stated:

"Contributory negligence, in order to defeat recovery, must be such negligence as contributed to cause the occurrence. Triplett v. Beeler, Mo.Sup., 268 S.W.2d 814; Rentfrow v. Thompson, 348 Mo. 970, 156 S.W.2d 700. As was said in Albert H. Hoppe, Inc. v. St. Louis Public Service Co., Mo. App., 227 S.W.2d 499, 502, 'This follows the earlier statement that "The rule as to the quantum of contributory negligence which is sufficient to pre-

vent recovery is that it must be such as to enter into and form the direct, producing, and efficient cause of the casualty, and absent which the casualty would not have happened." Howard v. Scarritt Estate Co., 267 Mo. 398, 184 S.W. 1144, 1145.'"

Without question, the plaintiff was negligent in failing to maintain a proper lateral lookout as she entered the intersection, Witt v. Peterson (Mo.1958), 310 S.W.2d 857, and reasonable men could easily conclude that her negligence was a proximate cause of the collision. The exact speed at which the automobiles were traveling was not definitely established, but the jury could have reasonably found that, at a speed of 5–8 miles per hour, the plaintiff could have stopped almost instantly. Richardson v. Wendel (Mo.1966), 401 S.W.2d 455; Hamell v. St. Louis Public Service Co. (Mo.App.1954), 268 S.W.2d 60. In addition, it is uncontradicted that the defendant was crossing in front of the four northbound lanes in a line approximately ten feet in front of the foremost cars. The jury could, therefore, reasonably find that the plaintiff could have stopped in time to avoid the collision had she looked to her left as she drove into the intersection, even if she could not have seen the defendant until the defendant passed in front of the lane of cars adjacent to the curb lane.

The contention that there is no substantial evidence that any contributory negligence on the part of the plaintiff was a proximate cause of the accident can be accepted only if we fail to give the defendant the benefit of the most favorable combination of facts which can be picked or reasonably inferred from the evidence, as long as such facts do not conflict with defendant's basic theories of the case or with her own judicial admissions. Hansmann v. Rupkey (Mo.App.1968), 428 S.W.2d 952. The evidence is obviously not clear and conclusive, but we believe it is sufficient to support a jury's finding for the defendant.

Finally, the defendant contends that the plaintiff made no objection to the instructions after they were given and before the jury retired to consider its verdict as required by Rule 51, Fed.R.Civ.P., and that plaintiff is precluded from asserting error in the trial court's submission of the issue of contributory negligence to the jury.

The record discloses that plaintiff did not object to the instructions after they had been given and before the jury retired. However, the attorney for plaintiff at the conclusion of the evidence twice specifically objected to the instruction on contributory negligence, setting forth in some detail the grounds for his objection.

In Chiodo v. General Waterworks Corp. (10 Cir. 1967), 380 F.2d 860, the court at page 864 said:

"This court has written many times concerning its interpretation of this rule. The cases hold, in substance, that any objections to instructions must be made of record after the court has given his instructions to the jury and before the jury retires to deliberate upon the case; and that, in making such objections, the party objecting must state 'distinctly the matter to which he objects and the grounds of his objection.'"

However, in 5 Moore's Federal Practice, § 51.04 (2d Ed. 1968), the learned author at page 2505 states:

"The rule does not require formality, and it is not important in what form an objection is made or even that a formal objection is made at all, as long as it is clear that the trial judge understood the party's position; the purpose of the rule is to inform the trial judge of possible errors so that he may have an opportunity to correct them."

While the rule clearly places the burden on counsel to make specific and timely objections, it was designed to permit timely correction of an error in order to avoid new trials. Cone v. Beneficial Standard Life Ins. Co. (8 Cir. 1968), 388 F.2d 456, 457. An examination of the printed record convinces us that the trial court was fully advised of the objections of the plaintiff to the court's instruction on contributory negligence and defendant was in no way prejudiced by the plaintiffs' failure to literally comply with Rule 51.

Judgment affirmed.