560 F.Supp. 6 (1982)
SOLDIERS OF THE CROSS, INC., Plaintiff,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION and St. Paul Title Insurance Corporation, (Now known as: "First American Title Insurance Company of Mid-America"), Defendant.
No. 81-1283C (1).
United States District Court, E.D. Missouri, E.D.
December 22, 1982.
As Amended March 4, 1983 and April 29, 1983.
*7 Jerome J. Duff, Duff & Heckel, St. Louis, Mo., for plaintiff.
James M. Byrne, St. Louis, Mo., Edward J. Grewach, Troy, Mo., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon defendant Federal Deposit Insurance Corporation's (hereinafter FDIC) motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on plaintiff's complaint, Count I.
This cause was removed from the Circuit Court of Warren County, State of Missouri, by defendant FDIC. Jurisdiction herein is grounded upon 12 U.S.C. § 1819. Plaintiff essentially seeks to clear title to a tract of real property located in Warren County, Missouri, by invalidating a deed of trust held on the property by the FDIC. Count II is a pendent state claim against the St. Paul Title Insurance Corporation (hereinafter American Title).

Plaintiff's allegations.
Plaintiff, Soldiers of the Cross, Inc. (hereinafter Soldiers) is a Colorado not-for-profit religious organization authorized to do business in Missouri. The ninety nine (99) acre tract in Warren County, Missouri, the subject of this suit, was conveyed to Soldiers on May 2, 1976 by the Gospel Revival Hour Association. On July 10, 1968, the Voice of Reason, Inc. and the Rocky Mountain Bank (hereinafter Bank) entered into a deed of trust. American Title is a title insurer of Soldiers.
Plaintiff seeks a decree that the deed of trust is invalid and unenforceable based upon a chain of peculiar events. The FDIC is the successor/owner of all assets of the former Bank. The Bank was taken over by the FDIC in January, 1969 pursuant to its insured status under a policy of depositor insurance coverage issued by the FDIC. Consequently, the FDIC was assigned all the Bank's assets as well as its rights under the subject deed of trust. Soldiers alleges that no amount of consideration was ever due and owing on the note which was secured by the deed of trust, and further claims that a quiet title action styled, Gospel Revival Hour v. The Voice of Reason, Inc., Cause No. 1713 in the Circuit Court of Warren County, Missouri, decided September 10, 1970 serves to render the deed of *8 trust a nullity. Plaintiff further avers that the Bank officers obtained the title fraudulently from The Voice of Reason, Inc., Soldiers' predecessor title holder. Soldiers claims that Maryland Casualty Company, the surety of the Bank's officials paid off the deed of trust amount thereby leaving the FDIC fully compensated on the deed of trust. Soldiers seeks to free the title of the tract of the claims of the FDIC.
Soldiers of the Cross seeks an order of this court declaring the said deed of trust to be invalid and ordering the FDIC to release and remove the alleged deed of trust as an encumbrance of the said real estate tract pursuant to the provisions of Supreme Court Rule 93.01 of the Missouri Rules of Civil Procedure. The said Rule 93.01 provides that this court may hear and finally determine whatever full and complete relief may be required in these premises. (Plaintiff's complaint, ¶ 13).
FDIC argues that the rights asserted by Soldiers have been fully and finally litigated to a conclusion adverse to Soldiersso as to bar the reassertion of those claims pursuant to the doctrine of collateral estoppel in bar. Plaintiff counters this contention with the argument that the recently discovered fraud of Dan Cooper (who, along with his brother, owned the majority of the stock of the Rocky Mountain Bank) prevents the operation of collateral estoppel. The FDIC's role in the Bank's takeover is to collect all sums owed to the Bank and distribute them to the stockholders. "It would be the grossest [sic] form of inequity to allow the admitted executioners [sic] of the fraud, the Cooper brothers, to profit from the same illegal conduct..." (Plaintiff's affidavit of September 2, 1982, p. 3). Proceeds from the Maryland Casualty Company's settlement officials at Rocky Mountain Bank and proceeds from other seized real estate owned by plaintiff and all total an amount sufficient to fully compensate the FDIC. Soldiers also submits that the F.D. I.C. can show no losses in connection with its dealings with plaintiff since its recoveries from the (1) Maryland Casualty Company, (2) Rocky Mountain Bank officials, and (3) proceeds from the seizure of other Colorado real estate held by plaintiff all total an amount sufficient to cover all of the F.D.I. C.'s alleged losses.
The fact that the FDIC "split" its cause of action and sued on the note executed in the courts of Colorado, while instituting a foreclosure action on Missouri property in Missouri courts, does nothing, contrary to plaintiff's insinuations, to support any of plaintiff's claims legal or equitable.
The doctrine of collateral estoppel provides that a right, question or fact which is distinctly put in issue and directly determined as a ground of recovery by a court of competent jurisdiction cannot be disputed in a subsequent action between the same parties or their privies, even if a subsequent suit is on a different cause of action. Lawlor v. National Screen Service Co., 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); United Shoe Machinery Co. v. U.S., 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708 (1922); Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195 (1876) and Federal Procedure, Lawyer's Edition, § 51:213.
Upon examination of the opinions rendered by courts to which plaintiff has availed itself throughout this controversy, it is clear that the uncovering of new evidence regarding the bank officials' alleged fraud and the assertion that FDIC's settlement with Maryland Casualty precludes further action against plaintiff, are together insufficient to survive defendants' motion.
In support of its contention that newly discovered evidence bars the application of collateral estoppel, plaintiff proffers a portion of the deposition of a former bank official at the Rocky Mountain Bank, Donald Cooper, who had only a tenuous connection with the actual negotiation of the loan for the purchase of a radio station and the land. Cooper's testimony indicates that it was his "understanding" that Reverend Beeny was to be held harmless on the note if he failed to receive the proper authorization from the FCC to operate the radio station. His testimony is not probative on any factual issue before this Court, and is, on its face, riddled with qualifying statements *9 to the point that it fails to cast any doubt on the factual findings made by prior courts on this issue. See FDIC v. Voice of Reason, Inc., and Bill Beeny, District Court in and for the City and County of Denver, Colorado, Cause No. C12333 aff'd 34 Colo. App. 23, 521 P.2d 1270 (Colo.App.1972); FDIC v. Soldiers of the Cross and the Dorothy Goff Memorial Library, Inc., (D.Col.) Cause No. 4227 aff'd, slip op. No. 76-1921 (10th Cir.1978); In the Matter of the Liquidation of the Rocky Mountain Bank, Lakewood, Colorado, District Court in and for the County of Jefferson, State of Colorado, Cause No. 32395, (no appeal taken).
Plaintiff is also estopped from relitigating the question of the FDIC's assertion of rights formerly owned by the Maryland Casualty Company or that the claims of the FDIC were somehow extinguished in the settlement of FDIC with the Maryland Casualty Company. Federal Deposit Insurance Corp. v. Beeney, 521 P.2d 1270, 1271 (Colo. Ct.App.1974).
Plaintiff has not sought relief via this independent action from a prior judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. It merely seeks to relitigate facts and issues well settled in prior adjudications. It is therefore proper that defendant FDIC's motion for summary judgment be granted.
As plaintiff's Count II is a pendent claim, the exercise of jurisdiction over which is a matter addressed to this Court's discretionthis Court declines to exercise its jurisdiction and will dismiss without prejudice plaintiff's Count II against American Title. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).