Lyle E. DeHUES, Appellant,

v.

WESTERN ELECTRIC COMPANY, INCORPORATED, a New York Corporation, Appellee.

No. 82–2466.

United States Court of Appeals, Eighth Circuit.

Submitted June 28, 1983.

Decided July 5, 1983.

Donald J. Quinn, Donald J. Quinn, II, Kansas City, Mo., for appellant.

Jack L. Whitacre, Mark P. Johnson, Kansas City, Mo., for appellee Western Elec. Co.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Lyle F. DeHues filed suit against Western Electric Company under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. DeHues alleged that Western Electric committed age discrimination when it hired a younger man in June 1980. At trial, the jury returned a verdict for Western Electric. DeHues appeals contending that the trial court committed plain error in its instructions to the jury and that it also erred in denying his post-trial motions for relief from the jury's verdict. We affirm.

Western Electric employed DeHues as a security guard at its Lee's Summit, Missouri plant from 1968 to 1975 when he was laid off due to a reduction in force. DeHues sought to be rehired as a security guard in November 1978. He filled out an application that stated it would be kept on active file for three months and that active consideration could be extended for another three months upon the applicant's written request. DeHues testified he was told his file would remain active for one year. Between 1978 and 1981, DeHues called security officer James Happy numerous times inquiring about job opportunities. There was some evidence at trial that Happy told DeHues to come in and fill out another application if he wanted to be considered for any openings. However, DeHues did not fill out another application during this period. In June 1980, Western Electric hired Gary Wyse, who was twenty-nine years old, as a security guard. DeHues, who was fifty-six

in 1980, filed charges of age discrimination with the Equal Employment Opportunity Commission in December 1980. In May 1981, another guard position became available at Western Electric. DeHues submitted a new employment application and was hired in July 1981.

At trial Western Electric maintained that DeHues was not considered for a guard position in June 1980 because he did not have an application in the active file. In its instructions to the jury, the trial court utilized the four elements of a prima facie employment discrimination case described in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The court instructed that De-Hues had to prove that (1) he was within the protected age range; (2) he applied for and was qualified to perform the position of security guard at the time Wyse was hired; (3) he was not hired when Wyse was hired; (4) his age was a determining factor in Western Electric's decision not to hire him at that time; and (5) the act of discrimination, if any, occurred between June 6, 1980 and December 3, 1980. The jury found that DeHues was not an applicant for the position of security guard at the time Wyse was hired. Since DeHues had failed to prove an essential element of his prima facie case, the trial court entered judgment for Western Electric and this appeal followed.

■ On appeal DeHues challenges the trial court's instructions to the jury although he did not object to the instructions at the time of trial. Rule 51 provides: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Fed.R.Civ.P. 51. Any error in an instruction not properly objected to is waived unless it is plain error so that a miscarriage of justice would otherwise result. *See, e.g., Lange v. Schultz,* 627 F.2d 122, 128 (8th Cir.1980); *Mid-America Food Service, Inc. v. ARA Services, Inc.,* 578 F.2d 691, 696 (8th Cir.1978); *Luster v. Retail*

*Credit Co.,* 575 F.2d 609, 617–18 (8th Cir. 1978).

■ DeHues attempts to evade Rule 51 by asserting he had made his theory of the case clear in a trial brief submitted to the court and that to object after the instructions were given would have been a waste of time. DeHues relies on *Meitz v. Garrison,* 413 F.2d 895 (8th Cir.1969), where the plaintiff objected twice at the close of all of the evidence and set forth in detail the grounds for his objection. Unlike the *Meitz* plaintiff, DeHues did not make any specific objections to the jury instructions. Moreover, the trial court stated before trial that the issues presented in DeHues' trial brief would be "worked out in an agreed set of instructions." Thus, the plain error standard is applicable to our review of DeHues' allegations of error.

DeHues argues that the court should not have used the *McDonnell Douglas* prima facie case in framing the jury instructions. Specifically, he takes issue with the court's instruction which makes it an essential element of DeHues' case that he had applied for a position with Western Electric at the time Wyse was hired. DeHues contends the *McDonnell Douglas* instruction was superfluous and misleading because he had direct evidence from Gerald Meissen, a former assistant to James Happy, that age was a determining factor in Western Electric's decision not to hire him in June 1980. Meissen testified that in May or June of 1980, before Wyse was hired, Happy told him that he would not consider DeHues for a security guard position because Happy's superior had told him in 1978 that DeHues was too old to fit into the Western Electric security force and that he wanted a younger or newer guard force. Happy testified he did not remember ever hearing his superior voice this sentiment, nor did he remember relating such a statement to anyone else. Because Meissen's testimony provides some direct evidence of discriminatory motive, DeHues argues the court committed plain error in instructing the jury according to the *McDonnell Douglas* criteria.

■ The four criteria set out in *McDonnell Douglas* provide one method of establishing age discrimination in employment under the ADEA. *See Halsell v. Kimberly-Clark Corp.*, 683 F.2d 285, 289–90 (8th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983); *Tribble v. Westinghouse Electric Corp.*, 669 F.2d 1193, 1197 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983). The Supreme Court has made it clear, however, that *McDonnell Douglas* was not intended to be "rigid, mechanized, or ritualistic," *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978), or the exclusive method for proving a claim of discrimination. *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977). Age discrimination may be proved by any direct or indirect evidence "without resort to any special judicially created presumptions or inferences related to the evidence." *Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230, 239 (4th Cir.1982).

■ Whether the jury should be instructed that the plaintiff must establish the four elements of the *McDonnell Douglas* prima facie case depends on whether the plaintiff's proof relies on inferences drawn from a *McDonnell Douglas*-type fact situation. *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1017–18 (1st Cir.1979). A trial court does not err in refusing to give a *McDonnell Douglas* instruction where the plaintiff relies chiefly on direct evidence of a discriminatory motive or where there is a significant amount of other evidence, either direct or circumstantial, which supports an inference of discrimination. *See Blackwell v. Sun Electric Corp.,* 696 F.2d 1176, 1181 (6th Cir.1983); *Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1112 (4th Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 316, 70 L.Ed.2d 158 (1981); *Loeb v. Textron, Inc., supra,* 600 F.2d at 1018. However, where either party disputes one or more of the elements of the *McDonnell Douglas* prima facie case and insists that proof of each element is essential to the case, the trial court should be cautious in departing from the *McDonnell Douglas* framework. *See Loeb v. Textron, Inc., supra,* 600 F.2d at 1019.

■ Here, the trial court did not commit plain error in instructing the jury that De-Hues had to establish the *McDonnell Douglas* elements. DeHues' case focused on Wyse's hiring and relied on the inference of discrimination the jury could draw from Western Electric's decision to hire a younger man to fill a job opening which DeHues sought. Western Electric refuted that inference by proving that DeHues was not chosen because he had not renewed his application. Because the elements of the *McDonnell Douglas* prima facie case provided the framework for the evidence offered at trial, and were disputed, the trial court did not err.

■ Neither was it plain error for the trial court to refuse to present DeHues' proposed instruction to the jury. Proposed instruction number nine states in pertinent part: "If you find that the statements made by James Happy to Gerald Meissen prove that age was a determining factor in the defendant's refusal to hire plaintiff then your verdict must be in favor of the plaintiff and against the defendant." Proposed instruction number ten is practically the same stating in pertinent part: "If you find the statements made by James Happy to Gerald Meissen prove that age was a determining factor in defendant's refusal to hire plaintiff the(n) you must determine whether defendant's violation of the Age Discrimination in Employment Act in relation to plaintiff was wilfull." These instructions are misleading because they assume Happy made the statements Meissen attributes to him when, in fact, Happy denied making these statements and his denial created a factual dispute for the jury to resolve. Moreover, these instructions completely ignore Western Electric's defense: that DeHues was not hired because he had no application on file. In view of the evidence presented at trial, the court did not commit plain error in refusing to submit these requested instructions.

**1348**

DeHues finally contends that the trial court erred in denying his motion for judgment notwithstanding the verdict and his motion for a new trial. We disagree. The trial court should grant a motion for judgment notwithstanding the verdict "only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Tribble v. Westinghouse Electric Corp., supra,* 669 F.2d at 1195 (citations omitted). The evidence presented at trial supports the jury's determination that De-Hues was not hired in 1980 because he had no application in the active file. In addition, the trial court did not abuse its discretion in rejecting DeHues' motion for a new trial based on his allegations of error in the jury instructions. *See Reed Brothers, Inc. v. Monsanto Co.,* 525 F.2d 486, 499 (8th Cir.1975), *cert. denied,* 423 U.S. 1055, 96 S.Ct. 787, 46 L.Ed.2d 645 (1976).

We find no plain error in the trial court's instructions to the jury in this case; nor did the trial court err in denying DeHues' post-judgment motions. Accordingly, the judgment is affirmed.