830 F.2d 1497
 44 Fair Empl.Prac.Cas. 1883,
44 Empl. Prac. Dec. P 37,561
Walter A. RASCHICK, Appellant,
v.
PRUDENT SUPPLY, INC. and Red Line Medical Supply, Inc.,
division of Prudent Supply, Inc., Appellees.
 No. 87-5120.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 4, 1987.
Decided Oct. 15, 1987.
 
 H. Louis Sirkin, Cincinnati, Ohio, and Peter M. Rosene, St. Paul, Minn., for appellant.
 Thomas B. Hatch, Minneapolis, Minn., for appellees.
 Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Walter A. Raschick appeals from the district court's[1] grant of summary judgment against him on his claim of age discrimination brought under the Age Discrimination and Employment Act (ADEA), 29 U.S.C. Sec. 621, et seq. (1982). On appeal, Raschick contends that the district court erred in granting summary judgment when, according to Raschick, a prima facie case of age discrimination may be inferred from the record. After reviewing the record, we are satisfied that Raschick did not present evidence sufficient to establish a prima facie case. Thus, we affirm the district court's grant of summary judgment.
 
 I. BACKGROUND
 
 2
 Defendants/appellees (hereinafter referred to as Red Line) sell medical supplies to nursing homes in most parts of the United States. Sales are made primarily through the efforts of outside sales personnel who make in-person calls at various nursing homes (accounts). Red Line also engages in telemarketing, which involves making telephone calls to potential new accounts and attempting to sell Red Line products over the telephone.
 
 
 3
 Prior to July of 1983, Red Line engaged in telemarketing only sporadically and had never committed more than one full-time employee to the task. In July of 1983, Red Line decided to expand its telemarketing by hiring a full-time telemarketing manager. Red Line advertised the position and received a response from Raschick. Red Line's president, Herbert Goldenberg, the controller, Jeffrey Kolmer, and the national sales manager, William Crews, were impressed with Raschick's twenty years of experience in telemarketing and agreed to hire him.
 
 
 4
 By August of 1983, Raschick fully staffed his department. However, Red Line's limitations on solicitation territories increasingly upset Raschick because the lack of territory would ultimately lead to lower sales commissions for him.[2]
 
 
 5
 On September 14, 1983, Raschick, frustrated with the restriction on territories, submitted his resignation to Crews. His resignation letter reads, in part:
 
 
 6
 In the company's best interests I feel it best to step aside, confident that the present staff will accomplish company goals without me. Therefore, with regret, I hereby tender my resignation, effective a week from today.
 
 
 7
 Additional territory is needed to keep three full-time operators busy and that territory is not ready for solicitation at this time.
 
 
 8
 At the time he submitted the letter, Raschick intended on resigning. He also hoped the letter would prompt management to open up new territories for telemarketing. If this occurred, he would not resign. Raschick asserts that Crews, upon reviewing the letter, told Raschick that he, Crews, was satisfied with Raschick's work and that new territory would be given. Thus, Raschick decided not to resign. However, on October 21, 1983, Crews told Raschick that he was discharged.
 
 
 9
 Red Line has a different view of what transpired after Raschick submitted the letter. Red Line claims that Crews, after reviewing the letter, told Raschick that Crews needed to discuss the resignation with Goldenberg and Kolmer in order to decide what to do. While Raschick was on vacation, Crews, Goldenberg and Kolmer met and reviewed the letter, together with the sales figures from the telemarketing department. They found that the number of full-time people in the department had increased from one to four, while the sales had not even doubled. Based on these disappointing results, Crews, Goldenberg and Kolmer agreed to accept Raschick's resignation.
 
 
 10
 On July 12, 1984, Raschick filed with the EEOC a charge of age discrimination against Red Line. The EEOC informed Raschick that it could not process the charge because the EEOC could not substantiate the alleged discrimination. Raschick then filed the present action in federal district court. Subsequent to discovery between the parties, the district court granted Red Line's motion for summary judgment. The court determined that Raschick failed to establish two of the four essential elements of the McDonnell Douglas test for a prima facie case of discrimination. The district court determined that Raschick failed to show he performed his job at a level that met Red Line's expectations and that Red Line replaced him, thus showing a need for the same service or skill. This appeal followed.
 
 II. DISCUSSION
 
 11
 In reviewing a grant of summary judgment, our duty is to determine whether there is a genuine issue as to any material fact in the litigation. Fed.R.Civ.P. 56(c). On review, we view the facts in the light most favorable to Raschick and will give him the benefit of all reasonable inferences which may be made from the underlying facts disclosed in the record. See Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983).
 
 
 12
 In order to establish a prima facie case of age discrimination under the revised McDonnell Douglas test, a plaintiff must establish all of the following elements: (1) the plaintiff was in the protected age group; (2) he or she performed the job at a level that met the employer's legitimate expectations; (3) he or she was fired; and (4) the employer tried to replace the plaintiff with someone else who would provide the same service or skill. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Halsell v. Kimberly-Clark Corp., 683 F.2d 285, 289 (8th Cir.1982).[3] If the plaintiff is successful in establishing a prima facie case, the defendant has the burden of producing some legitimate non-discriminatory reason for the alleged discriminatory action. Halsell, 683 F.2d at 291.
 
 
 13
 Two of the four elements of Raschick's prima facie case are not in dispute. First, Raschick must be in the protected age category. The protected age category is " * * * at least 40 years of age but less than 70 years of age." 29 U.S.C. Sec. 631(a) (1982). Raschick was fifty-five years of age at the time he began and left the employ of Red Line and thus is within the protected age category. Second, Raschick must have been discharged (fired). Although Red Line claims that it took Raschick's resignation for what it purported to be, Red Line concedes, as it must, that it fired Raschick.
 
 
 14
 The second element of the prima facie case Raschick must establish is that he performed the job at a level that met Red Line's legitimate expectations. Essentially, Raschick argues that he established this element by showing that Crews originally rejected Raschick's resignation and praised Raschick for doing a good job. In addition, Raschick asserts that he met all the sales quotas set by Crews.
 
 
 15
 We believe Raschick produced sufficient evidence to establish the factual issue of whether Raschick performed his job at a level which met Red Line's legitimate expectations. Thus, we believe he did establish this element of his prima facie case.
 
 
 16
 The fourth element of the prima facie case Raschick must establish is that Red Line sought a replacement, thereby demonstrating a continued need for the same service and skill. No factual dispute exists as to this element.
 
 
 17
 Raschick increased the telemarketing department four-fold while the sales within the department did not even double. Because the then current and future sales were low, Raschick wanted more territory so that he could increase his salary. Red Line gave territory to Raschick in a piecemeal fashion. Red Line had no obligation to provide Raschick all the territory he requested. After Raschick left the company, Red Line did not look for a replacement. Instead, Red Line resumed telemarketing in the same way it had been performed prior to Raschick's hiring, i.e., without a full-time manager. An existing employee supervised the two remaining telemarketing operators. The employee used only a small portion of her time for this responsibility. Twenty-two months after Raschick's termination, Red Line again decided to employ a full-time telemarketing manager.
 
 
 18
 Having reviewed the record in this case, we determine that Raschick failed to establish the fourth element of his prima facie case. We believe a reasonable jury, given the record, could not conclude Red Line had a continued need for a full-time telemarketing manager subsequent to Raschick's termination. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, ----, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); Halsell, 683 F.2d at 290-91. Rather, Red Line made a legitimate decision not to expand the department as Raschick desired. Unhappy with the high overhead and absenteeism within the department, Red Line chose to step back and reevaluate its goals in telemarketing. Red Line did not, in fact, hire another full-time telemarketing manager for two years. This undisputed testimony establishes that Red Line did not have a continuing need for a full-time manager. Thus, Raschick clearly did not establish the crucial fourth element of his prima facie case--that is, a need to replace the older employee who had been discharged.
 
 
 19
 An inference of age discrimination cannot be drawn from these facts. See Buller, 706 F.2d at 846. Indeed, the usual facts leading to an inference of discrimination in an age discrimination case are absent in this case. Often, the employee starts working for the employer at a young age. The employee is fired after reaching the protected age category. In this case, Raschick was fifty-five years of age when hired by the same people who eventually fired him.
 
 III. CONCLUSION
 
 20
 We conclude that Raschick failed to establish his prima facie case of age discrimination. Thus, we affirm the district court's grant of summary judgment in favor of Red Line.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota
 
 
 [2]
 Raschick's employment contract provided for $3,250 monthly salary for the months of August and September. From October thereafter, his salary would be $2,000 per month plus commissions. The commissions were based on the amount of sales exceeding $30,000 per month. In his deposition, Raschick stated he was frustrated because less territory meant less sales and that the level of sales in the first two months would not support his expectation of salary if that level of sales continued into the period in which his salary would be, in part, based on commissions
 
 
 [3]
 Although this is not the only way to establish a prima facie case of age discrimination, see Halsell, 683 F.2d at 289, this is the manner in which Raschick presents his case on appeal