**Laverne M. PERRY, Appellant,**

v.

**Joseph W. KUNZ, et al., Appellees.**

**No. 87–2595–EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1989.

Decided June 19, 1989.

Doreen D. Dodson, St. Louis, Mo., for appellant.

Mary Stewart Tansey, Jefferson City, Mo., for appellees.

---

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and WATERS,* District Judge.

### H. FRANKLIN WATERS, District Judge.

Laverne M. Perry appeals the district court's granting of the defendant's motion for summary judgment in this age discrimination in employment case filed under the provisions of 29 U.S.C. § 621 et seq.

Ms. Perry is a 65–year–old female employed by the Department of Mental Health of the State of Missouri as a food service helper from May, 1964, until April, 1984. During that time she worked at St. Louis Hospital on Arsenal Street from 1964 until 1974 and at defendant's Bellefontaine Habilitation Center from 1974 until 1984. She claims that, beginning in 1981, defendant institution and its superintendent, personnel officer, and two of her supervisors, all defendants in the case, engaged in a campaign to discriminate against her because of her race, color, and age, culminating in the termination of her employment in April of 1984.

The trial court accurately described in its published memorandum opinion dated November 3, 1987, 672 F.Supp. 1205, granting the motion for summary judgment, the procedural course that the matter took after the termination, as follows:

> Shortly thereafter, and pursuant to the State Merit System Law, Chapter 36, R.S.Mo. (1987), plaintiff appealed her dismissal to the state Personnel Advisory Board (Board). After an evidentiary hearing, at which plaintiff, represented by counsel, testified, the Board found that she was dismissed for cause and affirmed her dismissal. In so doing, it specifically found that plaintiff 'was incompetent, inadequate, careless or inefficient in the performance of her work duties' and that she 'failed to meet [the] minimum standards' required of her job. Plaintiff then appealed the Board's decision to the Circuit Court of the City of

St. Louis. On June 14, 1985, the court affirmed the Board's decision.

> While pursuing her remedies under the State Merit System law, plaintiff filed a timely charge with the EEOC in which she alleged she was terminated from her employment as a result of age and race discrimination. On April 30, 1985, the EEOC issued plaintiff her right-to-sue letter and, within the ninety-day period prescribed by statute, plaintiff filed a pro se complaint in this Court. The Court appointed counsel for plaintiff who thereupon filed a four-count amended complaint on behalf of plaintiff seeking recovery under Title VII, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

The district court initially granted in part and denied in part a motion to dismiss or in the alternative for summary judgment, dismissing all claims except the ADEA claim, finding that claim was "an issue fresh for litigation." The dismissal of the claims other than the ADEA claim was not appealed and the propriety of those dismissals is not before this court.

Subsequently, approximately one week before a scheduled trial date of the ADEA issue, the district court granted a motion for summary judgment and awarded judgment in favor of the defendants on the age discrimination in employment claim, the only cause of action remaining in the lawsuit at that time.

The basis of the dismissal, in the words of the trial court, was:

> In order to state a cause of action under the ADEA, plaintiff must establish a prima facie case of age discrimination by showing (1) that she was within the protected age group, (2) that she performed her job at a level that met her employer's legitimate expectations, (3) that she was terminated from her job, and (4) that her employer tried to replace her with someone else who would provide the same service or skill. *Raschick v. Prudent*

---

\* The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

**1058**

*Supply, Inc.,* 830 F.2d 1497, 1499 (8th Cir.1987); *Clements v. General Accident Insurance Co. of America,* 821 F.2d 489, 491 (8th Cir.1987); *Halsell v. Kimberly–Clark Corp.,* 683 F.2d 285, 289 (8th Cir. 1982). If plaintiff does establish a prima facie case, then defendant has the burden of producing some legitimate non-discriminatory reason for the alleged discriminatory action. *Raschick,* at 1499; *Halsell,* 683 F.2d at 291. If she does not, the Court may award summary judgment against her. *Raschick, supra* (defendant employer entitled to summary judgment as plaintiff employee failed to establish a prima facie case of age discrimination). *See also Halsell, supra* (defendant employer entitled to directed verdict as plaintiff employee failed to establish a prima facie case of age discrimination). Thus, to state a cause of action under the ADEA plaintiff must establish a prima facie case of age discrimination by showing, among other things, that her job performance met her employer's legitimate expectations. However, the identical fact issue was decided against her when the Board, in a decision affirmed by the Circuit Court of the City of St. Louis, specifically found that plaintiff 'was incompetent, inadequate, careless or inefficient in the performance of her work duties' and that she 'failed to meet [the] minimum standards' required of her job. As the issue decided by the Board is identical to the issue plaintiff is required to establish in the present action, plaintiff is collaterally estopped from relitigating the issue here and consequently cannot state a cause of action under the ADEA.

As authority for its ruling in relation to the issue preclusion determination, the court cited *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982); *Soldiers of the Cross v. Federal Deposit Insurance Corp.,* 560 F.Supp. 6, 8 (E.D.Mo. 1982); *Bank Building & Equipment Corp. v. Director of Revenue,* 687 S.W.2d

168 (Mo.1985); *Oates v. Safeco Insurance Co. of America,* 583 S.W.2d 713, 719 (Mo. 1979); 28 U.S.C. § 1738.[1]

■ The district court's issue preclusion analysis was eminently correct, but the court has concluded that the district court's decision granting the motion for summary judgment and dismissing the case must be reversed. That is so because the trial court failed to recognize that an ADEA plaintiff is not required to prove a prima facie case utilizing only the so-called *McDonnell Douglas* method of proof, but may utilize either that indirect method of proof or may attempt to prove that age was a determining factor in defendant's decision to terminate her utilizing direct evidence. Since that is true, plaintiff in this case was not necessarily precluded from making a prima facie case simply because she could not prove one of the elements of the *McDonnell Douglas* test.

While this court apparently has not had occasion in the past to discuss in any detail these dual and alternative methods, that is clearly the law as recognized in our decisions in *Brooks v. Woodline Motor Freight, Inc.,* 852 F.2d 1061 (8th Cir.1988); *Dace v. ACF Industries, Inc.,* 722 F.2d 374 (8th Cir.1983); and *DeHues v. Western Elec. Co., Inc.,* 710 F.2d 1344 (8th Cir.1983). In *DeHuse, supra,* in a per curiam opinion, this court said:

> The four criteria set out in *McDonnell Douglas* provide one method of establishing age discrimination in employment under the ADEA. (citations omitted). The Supreme Court has made it clear, however, that *McDonnell Douglas* was not intended to be 'rigid, mechanized, or ritualistic,' *Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978), or the exclusive method for proving a claim of discrimination. (citations omitted). Age discrimination may be proved by any direct or indirect evidence 'without resort to any special judicially created presumptions or inferences related to the evi-

---

**1.** For other issue preclusion authorities, *see* the discussions in 51 A.L.R. Fed. 830; Wright, Miller & Cooper, *Federal Practice and Procedure:* *Jurisdiction* § 4471; *Nichols v. City of St. Louis,* 837 F.2d 833 (8th Cir.1988); and *Stillians v. Iowa,* 843 F.2d 276 (8th Cir.1988).

dence.' *Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 239 (4th Cir.1982). *DeHues,* 710 F.2d at 1347. In *Brooks, supra,* at p. 1063, and *Dace, supra,* at p. 377, we also recognized the dual and alternative proof approach.

Other jurisdictions which have been more squarely faced with this issue than this court have clearly enunciated this proposition. In 2 Larson, *Employment Discrimination,* § 50.62 at pp. 10–67 to 10–68 (1988) the author says:

> As the Supreme Court has stated, in an ADEA case, 'the McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination.' (citing *Trans World Airlines v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)). The lower courts have also applied this rule in cases under § 1981, (citing cases), § 1983, (citing cases), and Title VII (citing cases). The reason for the rule is simple: the *McDonnell Douglas* test was designed merely to aid in discovering discrimination where only circumstantial evidence is available.
>
> The plaintiff's proof by means of direct evidence of discrimination does not merely fulfill his burden of showing a prima facie case; it suffices to make his entire case and throws the burden on the defendant of proving, at least by a preponderance of the evidence, (citing cases) that it would have rejected the plaintiff even in the absence of discrimination. (citing cases).

One of the early cases directly facing and deciding this issue is the Eleventh Circuit decision written by Chief Judge Godbold, in *Lee v. Russell County Board of Education,* 684 F.2d 769 (11th Cir.1982). The court said:

> Moreover, where a case for discrimination is proved by direct evidence it is incorrect to rely on a *McDonnell Douglas* form of rebuttal. Under the *McDonnell Douglas* test plaintiff establishes a prima facie case when the trier of fact *believes* the four circumstances outlined above which give rise to an *inference* of discrimination. Where the evidence for a

prima facie case consists, as it does here, of direct testimony that the defendants acted with a discriminatory motivation, if the trier of fact believes the prima facie evidence the ultimate issue of discrimination is proved; no inference is required. Defendant cannot rebut this type of showing of discrimination simply by articulating or producing evidence of legitimate, nondiscriminatory reasons. Once an unconstitutional motive is proved to have been a significant or substantial factor in an employment decision, defendant can rebut only by proving by a preponderance of the evidence that the same decision would have been reached even absent the presence of that factor.

*Lee,* 684 F.2d at 774 (emphasis in original). For other cases similarly holding, *see Guillory v. St. Landry Parish Police Jury,* 802 F.2d 822 (5th Cir.1986); *Blalock v. Metals Trades, Inc.,* 775 F.2d 703 (6th Cir.1985); *Lindsey v. American Cast Iron Pipe Co.,* 772 F.2d 799 (11th Cir.1985); and *Bell v. Birmingham Linen Service,* 715 F.2d 1552 (11th Cir.1983), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984).

As indicated in the Larson article cited above, the United States Supreme Court, in at least one decision, has also recognized the dual and alternative proof approach. In *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 621, 83 L.Ed.2d 523 (1985), the court found that TWA's transfer policy, allowing captains who became disqualified for any reason other than age to bump less senior flight engineers, was discriminatory on its face. It was then faced with an argument by the employer that the employees had still failed to make a prima facie case of age discrimination under *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), because, at the time they were retired, no flight engineer vacancies existed. The court disposed of this argument by saying: "[t]his argument fails, for the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination. *See Teamsters v. United States,* 431 U.S. 324, 358, n. 44 [97 S.Ct. 1843, 1866 n. 44, 52 L.Ed.2d 396] (1977); *Trans World Airlines,* 469 U.S. at 121 [105

S.Ct. at 621]." This dual and alternative proof approach was also recognized by Justice O'Connor in her separate concurring opinion in the very recent case of *Price Waterhouse, Petitioner v. Ann B. Hopkins,* — U.S. —, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

The district court's opinion in this case clearly failed to recognize that the plaintiff does not necessarily "lose" simply because she is precluded from attempting to meet the second element of the *McDonnell Douglas* test, *i.e.* that she performed the job at a level that met her employer's legitimate expectations.[2] The question then became whether the other proof in the case precludes the trial court from finding that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56.

■ Summary judgment is appropriate only when there is no genuine issue as to any material fact and the case may be decided on purely legal grounds. *Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987). The Supreme Court in, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), made clear that a trial court, in ruling on a motion for summary judgment, must determine whether the record as a whole contains evidence from which reasonable jurors might conclude that plaintiff has met her burden of proof.

Thus this court must look at the record as a whole to determine whether there was evidence before the trial court at the time the motion for summary judgment was granted from which reasonable jurors could conclude that the age of Ms. Perry at the time of her termination was a determining factor in the employer's decision to end her employment. The court concludes that there was.

In plaintiff's "Memorandum in Opposition to Defendant's Motion for Summary Judgment" (D.R. 94), plaintiff's attorney stated (D.R. 104) that, "the plaintiff here,

Laverne Perry, will present to the trier of fact direct evidence that defendant based their employment decision on illegal age discrimination. (Affidavit of Doreen D. Dodson in opposition to defendant's motion for summary judgment, exp. 2, excerpts from deposition of Mae Hewlett)." The deposition of witness Hewlett was attached to the memorandum in opposition and discloses that the witness testified:

Q. Did you hear in the last year or so that Miss Perry worked there, did you hear Miss Johnson or Miss McPike make any comments about Miss Perry's age?

A. Well, they decide they think she was getting up in age in a way, she should go on and retire.

Q. Who did you hear make these comments, that she should retire?

A. They made it to one another.

Q. You heard Miss Johnson say that to Mrs. McPike?

A. Yes. She should go on and retire.

\*  \*  \*  \*  \*  \*

Q. Was there-did you ever hear any discussion during the last year Miss Perry and you worked there, that some of the employees had to be let go?

A. Yeah. They had let someone else go, so they decided they would let Miss Perry go.

Q. When you say they, was that Miss Johnson, Miss McPike, or was that someone else?

A. Miss McPike had to let someone go, and so she decided Miss Perry would go, Miss Perry was able to go.

Q. How do you know she decided Miss Perry should go?

A. They figured she was up in age and they had asked her to retire, resign, Miss McPike had, and so she wasn't going to do it and they decided she was going to get rid of her.

Q. Is the statement you just made based on the statement you heard between Miss Johnson and Miss McPike?

A. Yes.

---

2. The *McDonnell Douglas* test was first articulated in *McDonnell Douglas v. Green, supra,* and has been consistently applied *e.g.* in *Raschick v.*

*Prudent Supply, Inc.,* 830 F.2d 1497 (8th Cir. 1987).

Q. Did you ever hear Miss Johnson state something to the effect that she would be doing Miss Perry a favor by letting her go home?

A. Yes. She wouldn't go. During the same time—

Q. During the same conversation?

A. Uh-huh.

Q. Okay. You've made the comment, Miss Hewlett, that Miss Johnson picked on Miss Perry.

A. Well, I wouldn't say she all together picked on her. She just—well, how would I put that? Well, she just decided to let her go.

Q. You say—is there any other—can you explain that a little bit?

A. Okay. Well, after Miss Perry was up in age, and she decided that she figured it would be best that Miss Perry go ahead on home.

Q. How do you know Miss Johnson decided that?

A. Well, you see, the other partner, and they had some records. They wanted to stay on the job, and they figured Miss Perry was able to go home and let them work, and so that's what they decided to do.

Q. Did you hear Miss Johnson say that in those words?

A. Yes.

Q. Did you hear that in the conversation we discussed previously with Miss McPike, or did you hear her say that at some other occasion?

A. Some other occasion, too.

Clearly, if the jury believes Ms. Hewlett's testimony, and the court obviously cannot say that it would not be reasonable for it to do so, there would certainly be sufficient evidence for that same reasonable jury to conclude that age was a determining factor in the termination of Ms. Perry's employment. That is especially true when that testimony is considered along with the showing that the record reflects could be made that Ms. Perry received good work performance evaluation ratings for most of the 20 year period of her employment. Finding of fact No. 7 of the personnel board decision (D.R. 29) says,

"that good service ratings were given to the appellant out of reluctance to force her dismissal through the use of unsatisfactory ratings." The jury might believe that but it would also be reasonable to believe that the "change of heart" by her supervisors buttresses her claim of age discrimination and supports the testimony of witness Hewlett.

All Ms. Perry is required to show under the ADEA is that the act was violated. The act makes it unlawful for an employer "to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). The court concludes that reasonable jurors might conclude that the evidence outlined above proves that the law was violated.

Since that is true it was not necessary for Ms. Perry to prove any of the elements required by the *McDonnell Douglas* test. If the employer fired her because of her age, or the jury believes that it did, it makes no difference whether she was a good employee or bad one, at least on the question of whether a prima facie case was or could be made.

In view of the above, we conclude that the district court erred in granting the motion for summary judgment dismissing the case. If the jury believed the evidence that the record indicates Ms. Perry could produce at trial, she wins without any further showing unless the employer is able to convince the jury that the same decision would have been made even absent the discriminatory factor. In the words of the Court of Appeals for the Eleventh Circuit:

> If the evidence consists of direct testimony that the defendant acted with a discriminatory motive, and the trier of fact accepts this testimony, the ultimate issue of discrimination is proved. Defendant cannot refute this evidence by mere articulation of other reasons; the legal standard changes dramatically: 'Once an [illegal] motive is proved to have been a significant or substantial factor in an employment decision, defendant can rebut only by *proving* by a preponderance of the evidence that the same decision

would have been reached even absent the presence of that factor.'

*Bell v. Birmingham Linen Service, supra,* at 1557, quoting from *Lee v. Russell, supra,* at 774. *See Mt. Healthy v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). *See also Price Waterhouse, Petitioner v. Ann B. Hopkins, supra; Bibbs v. Block,* 778 F.2d 1318 (8th Cir.1985).

As we said in *Union Transfer Co. v. Riss,* 218 F.2d 553, 554 (8th Cir.1955): "A surmise, no matter how reasonable, that a party is 'unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them.'"

We reverse and remand this matter to the district court for proceedings not inconsistent with this opinion.