839 F.Supp. 678 (1993)
Donnie FOX, Plaintiff,
v.
SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant.
No. 4:92CV00350 GFG.
United States District Court, E.D. Missouri, E.D.
December 21, 1993.
Donnie P. Fox, pro se.
Charles Smith, Jr., St. Louis, MO, for plaintiff.
John F. Medler, Jr., Southwestern Bell Telephone Co., St. Louis, MO, for defendants.

MEMORANDUM OPINION
GUNN, District Judge.
This matter having been tried to the bench on December 13, 1993, the Court now enters findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.
*679 The Court has jurisdiction over this controversy pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).
Although plaintiff demanded a jury trial, this matter was tried to the bench because plaintiff's discharge and the events surrounding it occurred prior to November 21, 1991, the effective date of the Civil Rights Act of 1991. See Fray v. Omaha World Herald Co., 960 F.2d 1370, 1377-78 (8th Cir.1992).
Plaintiff Donnie Fox brought this five-count complaint pursuant to Title VII alleging discrimination on the basis of his race, black, and his sex, male. On December 13, 1993 this Court dismissed Counts I-IV of plaintiff's complaint. In addition, the Court dismissed plaintiff's allegations against his former supervisor, Jeannie Brekrus. In Count V, the sole remaining count, plaintiff alleges that he was terminated on the basis of his race and sex and in retaliation for the filing of grievances.
Plaintiff was employed by defendant Southwestern Bell Telephone Company (Southwestern Bell) as a non-management clerical employee from 1983 through February 9, 1990. Fox's term of employment was marked by repeated incidents of belligerence, insubordination and verbal abusiveness. On numerous occasions Fox's supervisors attempted, albeit unsuccessfully, to address these problems in a constructive, cooperative manner. From March 1987 to February 1988, Fox was employed by Southwestern Bell in the position of Records Clerk-A. His primary job responsibilities were picking up and delivering the mail within a division of the company known as the Revenue District.
On February 5, 1990 Fox verbally abused and physically threatened his supervisor, Jeannie Brekrus, in the course of discussions related to his failure to properly handle the payroll envelope. The Court finds that Fox's responses to the inquiries of his supervisor, Ms. Brekrus, on February 5, 1990 were insubordinate, verbally abusive and belligerent. On that same day Fox was suspended pending termination for insubordination and verbal abuse. On February 7, 1990 Fox filed a charge with the Equal Employment Opportunity Commission (EEOC) asserting sexual and racial discrimination and retaliation for the filing of grievances based upon said discrimination. On February 9, 1990 Southwestern Bell discharged Fox.
The credible evidence demonstrates that Fox's termination was based upon the following: his behavior during the February 5, 1990 incident; a deteriorating attendance and work performance record; falsification of company documents; and a history of insubordination and verbal abusiveness. See Defendant's Exhibit Z.
During his employment with Southwestern Bell, Fox filed numerous grievances concerning his work assignments pursuant to the procedures set forth in the collective bargaining agreement governing his employment. Fox failed to pursue these grievances through all the levels of appeal provided for by the collective bargaining agreement. Fox therefore failed to exhaust his remedies with respect to these grievances. In addition, Fox failed to include a claim under the Labor Management Relations Act in his complaint. Therefore, he cannot prevail on a retaliation claim predicated on the filing of grievances under the collective bargaining agreement.
Plaintiff failed to offer any credible evidence to demonstrate that any supervisory personnel at Southwestern Bell were aware of the filing of the EEOC charge by plaintiff prior to his termination. Therefore, there is no basis for a determination that plaintiff's termination was causally linked to the filing of the EEOC charge. Marzec v. Marsh, 990 F.2d 393, 396 (8th Cir.1993).
In order to prevail on his Title VII claim against Southwestern Bell, plaintiff must demonstrate the following four elements: 1) that he was within a class protected by the act; 2) that he performed his job at a level that met his employer's legitimate expectations; 3) that, despite his qualifications, he was terminated; and 4) that the defendant replaced him with someone else who would provide the same service or skill. Perry v. Kunz, 878 F.2d 1056, 1057 (8th Cir.1989). A plaintiff need not demonstrate the second element if he provides direct evidence *680 of intentional discrimination. Id. at 1060.
The Court concludes that plaintiff failed to demonstrate that he performed his job at a level that met his employer's legitimate expectations. The February 5, 1990 incident was sufficient, of itself, to justify termination. In addition to that incident, there was clear evidence that plaintiff had a history of insubordination, verbal abusiveness and inability to get along with his co-workers and supervisors, all of which rendered his job performance unsatisfactory. Finally, there was evidence that plaintiff's job performance and attendance record were deteriorating and that he had falsified company logs. All of this evidence persuades the Court that plaintiff failed to meet the legitimate expectations of his employers. In addition, plaintiff produced no direct evidence of intentional discrimination. Therefore, the Court concludes that plaintiff failed to make a prima facie case of discrimination. Moreover, even if plaintiff had demonstrated that his job performance was acceptable, the Court concludes that he would be unable to prevail because the credible evidence presented indicates that defendants had a legitimate, non-discriminatory basis for terminating plaintiff. Finally, plaintiff failed to provide any credible evidence to demonstrate that the asserted reasons for termination were, in fact, pretextual.
On the basis of the foregoing, the Court concludes that judgment should be entered in favor of defendant Southwestern Bell and against plaintiff on Count V of plaintiff's complaint.