**In re KROH BROTHERS DEVELOP-MENT COMPANY, et al., Debtors.**

**KROH BROTHERS DEVELOPMENT COMPANY and the Kroh Operating Limited Partnership, by I.I. Ozar, Managing Agent and Estate Administrator, Plaintiffs,**

v.

**UNITED MISSOURI BANK OF KANSAS CITY, N.A., Defendant.**

Nos. 87–00640–1–11, 87–00641–1–11, 87–01263–1–11, 87–01265–1–11, 87–01266–1–11, 87–01930–1–11 and 91–0283–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Feb. 13, 1992.

---

Smith, P.C., Kansas City, Mo., for plaintiffs.

Thomas E. Deacy and Gary M. Cupples, Deacy & Deacy, and Peter M. Granat, United Missouri Bank, N.A., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, Chief Judge.

In Count 3 of its complaint the plaintiffs seek to avoid a $4,000,000 preferential transfer made to United Missouri Bank ("UMB") as an insider pursuant to 11 U.S.C.A. § 547. The plaintiffs have filed a renewed motion for summary judgment on the issue of defendant UMB's insider status.[1]

### STANDARDS FOR SUMMARY JUDGMENT

■ Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Facts must be viewed in the light most favorable to the non-moving party, who must be given the benefit of all reasonable inferences which may be made from the facts disclosed in the record. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Raschick v. Prudent Supply, Inc.*, 830 F.2d 1497, 1499 (8th Cir.1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1111, 99 L.Ed.2d 272 (1988).

■ If a party is unable to make a sufficient showing as to some essential element of its case upon which it will bear the ultimate burden of proof at trial, all other facts are necessarily immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial burden of demonstrating to the court that an essential element of the non-moving party's case is lacking. *Id.* The

R. Pete Smith, Jonathan A. Margolies, David D. Ferguson, McDowell, Rice &

1. Plaintiffs previously filed a motion for summary judgment on the insider issue in the Bankruptcy Court for the Western District of Missouri. However, the reference to the proceeding in the bankruptcy court was withdrawn while the plaintiffs' motion was still pending.

burden then shifts to the non-moving party to come forward with sufficient evidence to demonstrate that there is a factual controversy as to that element, or to explain why such evidence is not currently available. *Id.* Fed.R.Civ.P. 56(e). If the non-moving party fails to so respond, summary judgment, if appropriate, shall be entered against such party. Fed.R.Civ.P. 56(e). The standard for determining whether a factual dispute is genuine is the same as the standard applied to motions for a directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The non-moving party must come forward with sufficient evidence to allow a reasonable jury to find in its favor. *Id.* at 251, 106 S.Ct. at 2511.

## DISCUSSION

■ The plaintiffs argue that UMB clearly falls within the statutory definition of an insider by qualifying as an insider of an affiliate. The court agrees. Section 101(2)[2] provides in part:

(2) "affiliate" means—

(A) entity that directly or indirectly owns, controls or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

\* \* \* \* \* \*

Jack Kroh owned more than 20 percent of Kroh Brothers Development Company ("KBDC") and is therefore clearly an affiliate of the debtor.

Section 101(31)[3] provides in pertinent part:

(31) "insider" includes—

(A) if the debtor is an individual—

(i) relative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; or

(iv) corporation of which the debtor is a director, officer, or person in control;

(B) if the debtor is a corporation—

(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor;

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor, or

(vi) relative of a general partner, director, officer, or person in control of the debtor;

\* \* \* \* \* \*

(E) affiliate, or insider of an affiliate as if such affiliate were the debtor,

\* \* \* \* \* \*

Jack Kroh was a director of UMB. Following the express language of the statute, UMB is an insider of Jack Kroh. Subsection (E) provides that an insider includes the "insider of an affiliate *as if such affiliate were the debtor.*" 11 U.S.C.A. § 101(31)(E) (emphasis added). By substituting Jack Kroh as the debtor, section 101(31)(A) operates to make UMB an insider of Jack Kroh under subsection (iv). Jack Kroh was also an affiliate of the debtor KBDC, therefore, under § 101(31)(E) UMB is an insider of KBDC because it is an insider of an affiliate.

■ The defendant argues that a genuine issue of material fact remains precluding summary judgment regarding whether UMB had control over the debtor's affiliate Jack Kroh. The defendant contends that the cases relied on by the plaintiff as well as the statute's operation require that control over the debtor or the debtor's affiliate be established in respect of "insiders." The defendant asserts that section 101(31)(A)(iv) defines the insiders of an in-

---

2. 11 U.S.C.A. § 101(2).

3. 11 U.S.C.A. § 101(31).

dividual debtor to only include corporations of which the debtor is a person in control. Yet, the statute clearly provides that corporations of which the debtor is a director are also insiders. Subsection (iv) reads "corporation of which the debtor is a director, officer, *or* person in control." 11 U.S.C.A. § 101(31)(A)(iv) (emphasis added). If the debtor is a director, establishing control is not necessary for the corporation to qualify as an insider.

■ The defendant also incorrectly assumes that section 101(31)(B) is the appropriate section for determining the insiders of KBDC. Subsection (B) applies when the debtor is a corporation. However, subsection (E) provides that the insiders of an affiliate are to be determined as if such affiliate were the debtor. Thus, by substituting Jack Kroh as the debtor section 101(31)(A) becomes applicable.

The defendant also attempts to distinguish the plaintiffs' cases by inaccurately explaining the holdings as being clearly premised on a finding of control by the insider over either the affiliate or the debtor corporation itself. A review by the court discloses that the cases relied upon by the plaintiffs do not depend on a finding of control. Rather, the principal question surrounding the insider issue was the mechanical operation and interrelationship of section 101(2) and (31). *See In re Knapp,* 119 B.R. 285, 288 (Bkrtcy.M.D.Fla.1990) (court applies literal interpretation of the bankruptcy code in finding the defendant to be an insider as a matter of law.); *In re Baton Rouge Marine Repair & Drydock, Inc.,* 57 B.R. 19, 22 (Bkrtcy M.D.La.1985) ("The definition of 'insider' is a mechanical test...."); *In re Michigan General Corp.,* 77 B.R. 97 (Bkrtcy N.D.Tex.1987) (court summarily classified Akin, Gump as an insider without a specific finding of control over the debtor or its affiliate).

It is well settled that the "plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the inten-

tion of its drafters." *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).[4] In this case, the statute's operation is not inconsistent with the drafters' intention. Congress' use of the disjunctive "or" in section 101(31)(A)(iv) (corporation of which the debtor is a director, officer, *or* person in control) suggests that the term "insider" is to include "control" persons but is not restricted to "control" persons.

Furthermore, the legislative history describes an insider as "one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms length with the debtor." S.Rep. No. 95–989, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News, pp. 5787, 5810. Jack Kroh was a director of UMB and owned more than 20 percent of the debtor KBDC. The court agrees that that nexus creates the type of close relationship intended by Congress to be subject to closer scrutiny. Accordingly, the court finds that United Missouri Bank qualifies as an insider within 11 U.S.C.A. § 101(31). Thus, it is hereby

ORDERED that the plaintiffs' motion for summary judgment on the issue of defendant's insider status is GRANTED.

---

**4.** *See also Union Bank v. Wolas,* —— U.S. ——, 112 S.Ct. 527, 531, 116 L.Ed.2d 514 (1991). *Cf. Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 780, 787, 116 L.Ed.2d 903 (1992) (dissenting opinion).